SAMPSON & ASSOCIATES
Bryan D. Sampson (#143143)
2139 First Avenue
San Diego, CA 92101
(619) 557-9420/Fax (619) 557-9425

Attorneys for Creditor BRADLEY PROULX



FILED
99 FEB -2 AM 9:47
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re:

SARA NEWSOME BURNS,

Debtor.

CASE NO. 99-00811-B13

DECLARATION OF BRYAN SAMPSON SUPPORTING APPLICATION FOR ORDER AUTHORIZING PAYMENT TO TRUSTEE

Date: N/A
Time: N/A
Ctrm: 4
Hon. Peter Bowie

I, Bryan D. Sampson, declare:

1. I am an attorney licensed to practice law in the State of California and before this Court. I am also the attorney of record for creditor Bradley Proulx.

2. If called upon to testify, I could and would competently testify to the matters contained herein based upon my personal knowledge.

3. Attached hereto as Exhibit "1" is a true and correct copy of the State Court Judgment against BURNS dated 10-30-98.

4. Attached hereto as Exhibit "2" is a true and correct copy of the State Court Turnover Order dated 12-16-98.

5. Attached hereto as Exhibit "3" is a true and correct copy of the Notice of Lien in Federal Action dated 1-13-99.

6. Attached hereto as Exhibit "4" is a true and correct copy of Debtor's petition

1 | dated 1-25-99.

2 7. As of the date of this motion Debtor refused to comply with the State Court's Judgment and subsequent Turnover Order.

4 8. As of the date of this declaration, Debtor BURNS is in the process of trying to receive the final payment from the United States of America of an additional $150,000 to $200,000. Debtor BURNS already received over $400,000 and was not scheduled to receive final payment until July 1999. However, after the State Court judgment was issued, she reached an agreement with United States of America, who confirmed to me, that she is to receive early payment in January 1999 of the balance of the monies.

11 9. Following BURNS refusal to comply with the above Orders, I filed a Notice of Lien in Federal Court to protect Mr. Proulx's State Court judgment. The lien was personally served on all parties the same day it was filed.

14 10. I again attempted to resolve this matter informally with the parties. BURNS failed to respond in any manner whatsoever to my letter or telephone calls. Plaintiff UNITED STATES OF AMERICA responded through its counsel, Mr. Stephen Segreto, and stated that it would honor the lien, but was in an extremely difficult position since it had legal obligations to pay both Plaintiff BURNS and Lien Claimant Proulx. Therefore, it requested a court order to relieve it of liability if it paid either party. Lien Claimant then filed a motion to obtain an order regarding payment and to protect the UNITES STATES OF AMERICA, Mr. Segreto's client in Federal Court. BURNS filed this Chapter 13 action in response to my motion in Federal Court.

24 ///
25 ///
26 ///
27 ///
28 ///

11. Creditor Proulx is not the only party harmed by Ms. BURNS inaction. Her refusal to list the subject settlement monies or comply with Mr. Proulx's Lien has also placed Plaintiff United States of America between the proverbial *"rock and a hard place."* On one hand, if it pays Ms. BURNS, it risks violating the automatic stay. On the other hand, if it pays the Chapter 13 Trustee, Ms. BURNS refuses to release it from the payment obligation under the written settlement agreement.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed this 1st day of February, 1999 in San Diego California.

Bryan D. Sampson