L. Scott Keehn (SBN 61691)
Charles F. Robbins (SBN 132666)
**ROBBINS & KEEHN**
A Professional Corporation
530 "B" Street, Suite 2400
San Diego, California 92101
Telephone: (619) 232-1700

FILED
99 FEB 4 PM 6:05
CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

Attorneys for **SARA NEWSOME BURNS**

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

In re:

**SARA NEWSOME BURNS**, an individual,

Debtor.

) CASE NO. 99-00811-B13
)
) DEBTOR'S OPPOSITION TO EX
) PARTE APPLICATION FOR ORDER TO
) PAY TRUSTEE
)
) [No Hearing Set]
)
)
)

SARA NEWSOME BURNS, an individual and the debtor in these proceedings ("Debtor") respectfully submits the following opposition to the "Ex Parte Application for Order to Pay Trustee" (the "Application") brought by creditor BRADLEY PROULX ("Proulx"). In opposition to the Application, Debtor represents as follows:

I.

### INTRODUCTION

Not only is the instant Application procedurally defective, it also seeks relief which is inappropriate and unavailable under the Bankruptcy Code. The Debtor agrees with Proulx that the final payment due from the United State of America (the "USA") is property of the estate. However, because these are Chapter 13


ORIGINAL

55228/CFR/4812.01

proceedings, 11 U.S.C. §1306(b) expressly provides, indeed requires, that the Debtor is to remain in possession of all property of her estate. There is simply no authority, and Proulx has cited none, to support the relief requested in the Application. The relief requested is improper and the Application must be denied.

The application is procedurally defective for at least three reasons. First, as stated in the moving papers, the Application is essentially an action for turnover under 11 U.S.C. §542. As is discussed below, under the Federal Rules of Bankruptcy Procedure ("FRBP") such relief must be pursued in the form of an adversary proceeding, not a simple *ex parte* application. Second, there is no urgency to this matter, and therefore no reason that this dispute should not be heard under the normal notice requirements of FRBP 9014 and Bankruptcy Local Rule ("BLR") 9014-4. Finally, Proulx does not have standing to move for an order requiring the turnover of estate property from a third party, the USA, to the Chapter 13 Trustee.

Despite these fatal defects to the Application and the requested relief, the Debtor has a proposal that should address Proulx's concerns. As stated in the Application, the payment from the USA arises from a "whistle blower" action in which the Debtor was awarded $580,000.00. Proulx contends that he provided detective services in connection with the Debtor's prosecution of her claim, and is therefore entitled to one-third of the judgment pursuant to a contingent fee agreement. The Debtor contends that Proulx did **not** provide the services required under their agreement, and therefore is not entitled to any of the proceeds.

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

55228/CFR/4812.01

Although Proulx prevailed in California Superior Court action on his contingent claim, that judgment has been appealed and is currently under review. In addition to issues regarding the merits of Proulx's claims, the Debtor has raised jurisdictional issues in the appeal. Based on the analysis of the attorney handling the appeal, the Debtor believes that there is a substantial liklihood that the judgment will be overturned, and the Proulx claim will disappear. The Debtor also believes that if the money is turned over to Proulx, and then the Debtor prevails on the appeal, that Proulx will have spent the money and will not be able to return it, to the detriment of the Debtor and her legitimate creditors.

For these reasons, the Debtor is willing to have all payments from the USA deposited in the client trust account of her Chapter 13 attorneys, Robbins & Keehn. Said sums could only be distributed pursuant to the terms of a Chapter 13 plan approved by this Court, by this Court's order, or with the written consent of Proulx. This solution protects both the Debtor and Proulx from using this money until the appeal is resolved or this Court has approved a Chapter 13 plan. It also is a solution which fits within the narrow confines of 11 U.S.C. §1306(b) by permitting the Debtor to remain in possession of her estate property.

As a final note, Proulx argues that the Debtor attempted to hide this asset in her original petition. As is disclosed in the Declaration of G. M. Rojas-Wiederaenders filed concurrently herewith, this was the result of a software problem associated with "Bankruptcy 2000", to computer program used by this Court for electronic filing. It is simply untrue that the Debtor was

55228/CFR/4812.01

attempting to hide this asset.

## II.

### ARGUMENT

**A.      The Relief Requested Is Not Permitted Under 11 U.S.C. 1306.**

The Application seeks this Court's order directing the USA to make all remaining payments due under the judgment against them to the Trustee herein. There is no dispute that said moneys are property of the Debtor's bankruptcy estate. It is important to keep this fact in mind when reading 11 U.S.C. §1306(b), which provides as follows:

> Except as provided in a confirmed plan or order confirming a plan, <u>the debtor shall remain in possession of all property of the estate</u>. (Emphasis added.)

The language of 1306(b) is unambiguous. Only upon the entry of an order confirming a plan can a Chapter 13 debtor be dispossessed of his or her property. There has been no such order entered in these proceedings. Accordingly, the Debtor is entitled to retain control of all estate assets, including any future payments from the USA. See, <u>In re Stewart</u>, 3 B.R. 24 (1980 Bnkrtcy. ND Ohio); <u>In re Estrada</u>, 224 B.R. 132, 136 (1998 Bnkrtcy. SD Cal). The relief sought in the Application is inappropriate, and therefore the Application must be denied.

**B.      The Application Is Procedurally Defective.**

As stated above, the Application is procedurally defective for three reasons.

      **1.      The relief requested requires the initiation of an Adversary proceeding.**

In support of the Application Proulx cites 11 U.S.C. §542 which governs turnover of property of a bankruptcy estate.

However, this is not an action by a trustee to compel the Debtor to turn over estate property. Therefore, the requirements of FRBP 7001 apply. Rule 7001 provides as follows:

> <u>An adversary proceeding is governed by the rules of this Part VII. It is a proceeding (1) to recover money or property</u>, except a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002, (2) to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d), (3) to obtain approval pursuant to § 363(h) for the sale of both the interest of the estate and of a co-owner in property, (4) to object to or revoke a discharge, (5) to revoke an order of confirmation of a chapter 11, chapter 12, or a chapter 13 plan, (6) to determine the dischargeability of a debt, (7) to obtain an injunction or other equitable relief, (8) to subordinate any allowed claim or interest, except when subordination is provided in a chapter 9, 11, 12, or 13 plan, (9) to obtain a declaratory judgment relating to any of the foregoing, or (10) to determine a claim or cause of action removed pursuant to 28 U.S.C. § 1452.

(Emphasis added.)

Proulx's efforts to control these estate assets and force a payment of same to the Chapter 13 Trustee squarely fits within the requirements of Rule 7001, and therefore requires the initiation of an adversary proceeding. Without such a proceeding, this Court is not able to grant the requested relief (assuming it is otherwise available).

    2.   <u>There is no reason that this matter can not be heard after normal notice and hearing</u>.

Nowhere in the Application or any of the supporting papers does Proulx set forth any reason that this matter should be heard on an <u>ex parte</u> basis. The reason for this is because no urgency exists. The Application deals with the estate's largest asset, and the disposition of those proceeds will dramatically impact the

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

55228/CFR/4812.01

treatment the other creditors receive under any proposed Chapter 13 plan. In addition, those proceeds are the subject of a bona fide dispute which is currently under appeal. For these reasons, this Court should deny the Application and require Proulx to comply with the applicable FRBP and BLR by filing and serving a fully noticed motion.

3. **Proulx lacks standing to bring the Application.**

Proulx is a creditor. Through the Application, he is trying to force the USA, a third party, to make its final payment(s) to the Chapter 13 trustee, another third party. Under these circumstances, Proulx lacks standing to seek the requested relief.

C. **The Debtor will agree to segregate the funds pending further disposition by this Court.**

The Debtor recognizes that there is currently a Superior Court judgment in favor of Proulx, and that, through the Application, Proulx is attempting to protect his rights to recovery that money. However, the Debtor is also confident that she will prevail on her appeal, and that Proulx's claim will disappear as a result. The Debtor is concerned that if she loses control of those proceeds, somehow they will end up being dissipated and she will not be able to recover them when she wins the appeal. The clear language of 11 U.S.C. §1306(b), which permits the Chapter 13 debtor to retain possession of all estate assets, supports Debtor's position.

As a compromise, the Debtor is willing to place any such payments from the USA into an interest bearing special client trust account with her bankruptcy attorneys, Robbins & Keehn. Those funds will not be withdrawn or used for any purpose without

this Court's order or the consent of Proulx.  In this manner, the Debtor's rights under Section 1306(b) are preserved, while Proulx's interests in those funds, if any, are also preserved. This resolution appears to be fair and equitable to all parties, including the Trustee, and is therefore a reasonable middle ground.

### CONCLUSION

The relief requested is prohibited under 11 U.S.C. §1306(b) as it would take estate property out of the possession of the Debtor.  The Application is procedurally defective because: (1) the requested relief requires the initiation of an adversary proceeding under FRBP 7001; (2) this matter should not be heard on an *ex parte* basis, but only after full notice and a hearing; and (3) Proulx lacks standing to seek the requested relief.  Finally, the Debtor has proposed a reasonable compromise which will protect Proulx's interests in the proceeds without violating the Debtor's rights under Chapter 13 of the Bankruptcy Code.  For these reasons, the Application should be denied.

Dated: Feb. 4, 1999

ROBBINS & KEEHN
A Professional Corporation

By: _____
Charles F. Robbins
Attorneys for Debtor
**SARA NEWSOME BURNS**

-7-

55228/CFR/4812.01