SAMPSON & ASSOCIATES
Bryan D. Sampson (#143143)
2139 First Avenue
San Diego, CA 92101
(619) 557-9420/Fax (619) 557-9425

Attorneys for Creditor BRADLEY PROULX

FILED
99 MAR 12 AM 9:19
CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SARA NEWSOME BURNS,<br><br>Debtor. | CASE NO. 99-00811-B13<br><br>**CREDITORS' JOINDER TO TRUSTEE'S OBJECTION TO CHAPTER 13**<br><br>Date:   3-17-99<br>Time:   10:00 a.m.<br>Ctrm:   4<br>Hon. Peter Bowie |

Creditor BRADLEY PROULX hereby joins Chapter 13 Trustee's objection to Debtor SARA NEWSOME BURNS' Chapter 13 filing.

### Debtor BURNS Does Not Qualify for a Chapter 13

Debtor SARA NEWSOME BURNS does not qualify for a Chapter 13 reorganization under 11 U.S.C. §109(e). Her unsecured claims exceed $269,250 as of January 25, 1999. The following summarizes Debtor's unsecured claims:

| NAME | AMOUNT |
|---|---|
| Bradley Proulx | $ 238,383.13 |
| Elaine Heine | $     1,583.89 |
| Francine Rubean | $        250.00 |
| John Seitman | $     3,757.25 |
| U.S. Department of Education | $   22,077.90 |
| Visa Bank Card | $     3,595.85 |
| Unlisted Attorneys | $            TBD |
| **TOTAL** | **$ 269,648.02** |

See Exhibit "1" & Declaration of Bryan D. Sampson. As the court can see, Debtor's unsecured claims exceed the maximum limits of 11 U.S.C. §109(e). The Court is required to include all of the foregoing unsecured claims in calculating whether Debtor is entitled to Chapter 13 relief. See Barcal v. Laughlin, 213 B.R. 1008 (8th Cir. BAP 1997) and See e.g. Nicholes v. Johnny Appleseed, 184 B.R. 82 (9th. Cir. BAP 1995). In essence, the claims are liquidated and must be included in the calculations. As such, Debtor is not entitled to Chapter 13 relief.

### The Debtor's Bankruptcy Was Filed in Bad Faith

An alternative basis for the court to dismiss Debtor SARA NEWSOME BURNS' Chapter 13 action is because of her improper purpose for filing this action. Specifically, the following actions by the Debtor reveal her improper motives:

1. She filed a Chapter 13 immediately after Creditor seized his monies;
2. She prepaid over $4,482 in living expenses;
3. She paid over $70,000 in taxes from Creditor's monies before filing;
4. She had threatened to file this action if Creditors took collection actions; &
5. She has made repeated errors/omissions in her notices and schedules:
   a. She failed to list over $148,000 in cash on her original petition (instead, she listed less than $50,000 total cash); and
   b. She failed to list unsecured creditors.

See Exhibits "1 - 3" and attached Declaration of Bryan D. Sampson. As such, the Debtor's Chapter 13 filing is in bad faith and should be dismissed.

### CONCLUSION

Based upon the foregoing, Creditor PROULX hereby joins the Chapter 13 Trustee's motion to dismiss Debtor SARA NEWSOME BURNS' Chapter 13 filing.

DATED: March 12, 1999

SAMPSON & ASSOCIATES

By: _____
Bryan D. Sampson
Attorney for Judgment Creditor
BRADLEY PROULX