1 | **SAMPSON & ASSOCIATES**
Bryan D. Sampson (#143143)
2 | 2139 First Avenue
San Diego, CA 92101
3 | (619) 557-9420/Fax (619) 557-9425

4 | Attorneys for Creditor BRADLEY PROULX

FILED

99 MAR 12 AM 9: 19

CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

In re:                                                          )    CASE NO. 99-00811-B13
                                                                )
SARA NEWSOME BURNS,                     )    **DECLARATION OF BRYAN D.**
                                                                )    **SAMPSON IN SUPPORT OF**
                                                                )    **CREDITORS' JOINDER TO**
          Debtor.                                          )    **TRUSTEE'S OBJECTION TO**
                                                                )    **CHAPTER 13**
                                                                )
_____)    Date:        3-17-99
                                                                      Time:        10:00 a.m.
                                                                      Ctrm:        4
                                                                      Hon. Peter Bowie

I, Bryan D. Sampson, declare:

1. I am an attorney licensed to practice law in the State of California and before this Court. I am also the attorney of record for creditor Bradley Proulx.

2. If called upon to testify, I could and would competently testify to the matters contained herein based upon my personal knowledge.

3. I am informed and believe and thereon allege that Debtor SARA NEWSOME BURNS does not qualify for a Chapter 13 reorganization under 11 U.S.C. §109(e) because her liquidated and unsecured claims exceed $269,250 as of January 25, 1999. The following summarizes Debtor's listed and unlisted, unsecured claims.

///

4. Attached hereto as Exhibit "1" is a true and correct copy of Debtor's Schedules, which list the following unsecured claims:

| | |
|---|---|
| Francine Rubean (Schedule E) | $ 250.00 |
| Elaine Heine (Schedule F) | $ 1,583.89 |
| John Seitman (Schedule F) | $ 3,757.25 |
| U.S. Department of Education (Schedule F) | $ 22,077.90 |
| Visa Bank Card (Schedule F) | $ 3,595.85 |

5. Attached hereto as Exhibit "2" is a true and correct copy of Creditor Bradley Proulx's Judgment against Debtor which shows (in conjunction with Exhibit "1" at Schedule D) that Creditor's unsecured, liquidated claim exceeds $238,383.13 as of January 25, 1999 ($231,462.61 judgment plus $6,150.77 in interest [10% Interest at $63.41/day x 97 days from 10-20-98 to 1-25-99]), plus a cost award from the trial of $769.75.

6. I am further informed and believe and thereon allege that Debtor has failed to list at least three non-bankruptcy counsel who are currently working for her: (1) Dan Lawton, Esq. (he defended pre-judgment collection actions and a pending appeal); (2) Randy Grossman, Esq. (he is handling a pending appeal); and (3) John G. Appel, Jr., Esq. (he is handling a federal court action), and two who recently worked for her: (1) Mr. Robert P. Lowell, Esq. (he handled the federal action); and (2) David W. Tiffany (he handled the state court trial). Debtor has consistently taken the position with me up to the date of her bankruptcy filing that she owes monies to all of the above attorneys as an excuse for not paying Creditor's claim. Thus, Creditor believes the Debtors schedules are incomplete in that they fail to list the above creditors.

///

///

///

7.     In addition, Creditor believes that Debtor SARA NEWSOME BURNS'
Chapter 13 action was filed for an improper purpose.  Specifically, the
following actions by the Debtor reveal her improper motives:

    a.     She filed a Chapter 13 immediately after Creditor seized monies in the
federal court action, which monies have already been adjudicated to
belong to Creditor Proulx (Exhibit "2");

    b.     She prepaid over $4,482 in living expenses (Exhibit "1");

    c.     She paid over $70,000 in taxes from Creditor's monies before filing
(Exhibits "2 & 3");

    d.     She had threatened to file this action if Creditors took collection
actions (Exhibit "3"); &

    e.     She has made repeated errors/omissions in her notices and
schedules, such as failing to list over $148,000 in cash on her original
petition (instead, she listed less than $50,000 total cash), and failing
to list unsecured creditors (her above attorneys).

9.     Attached hereto as Exhibit "3" is a true and correct copy of Debtor's
deposition testimony on November 20, 1998.

    I declare under penalty of perjury under the laws of the State of California
that the foregoing is true and correct and that this declaration is executed this 12th
day of March, 1999 in San Diego California.

Bryan D. Sampson

EXHIBIT ___"1"___

CSD 1099 [06/19/97]
Name, Address, Telephone No. & I.D. No.
L. Scott Keehn (61691)
ROBBINS & KEEHN, APC
530 "B" Street, Suite 2400
San Diego, CA 92101
(619) 232-1700
Attorneys for SARA NEWSOME BURNS

# UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re
**SARA NEWSOME BURNS,  an individual,**

BANKRUPTCY NO. **99-00811-B13**

Debtor.

## BALANCE OF SCHEDULES AND/OR CHAPTER 13 PLAN

Presented herewith are the original with the number of copies required by Local Bankruptcy Rule 1007-2(b) of the following [Check one or more boxes as appropriate]:

[X]    Summary of Schedules
[X]    Schedule A - Schedule of Real Property
[X]    Schedule B - Schedule of Personal Property
[X]    Schedule C - Schedule of Property Claimed Exempt
[X]    Schedule D - Creditors Holding Secured Claims
[X]    Schedule E - Creditors Holding Unsecured Priority Claims
[X]    Schedule F - Creditors Holding Unsecured Nonpriority Claims
[X]    Schedule G - Schedule of Executory Contracts & Unexpired Leases
[X]    Schedule H - Schedule of Co-Debtor
[X]    Schedule I - Current Income of Individual Debtor(s)
[X]    Schedule J - Current Expenditure of Individual Debtor(s)
[X]    Statement of Financial Affairs

[X]    Chapter 13 Plan

Notice to any entity/creditor added by these schedules is being mailed concurrently with the filing of these schedules in compliance with Local Bankruptcy Rule 1007-4.  See instructions on reverse side.

Dated: 3/5/99

Signed: _____
L. SCOTT KEEHN, Attorney for Debtor

I, Sara Newsome-Burns the undersigned debtor, hereby declare under penalty of perjury that the information set forth in the amendment attached hereto, consisting of 30 pages, is true and correct to the best of my information and belief.

Dated:

_____
SARA NEWSOME BURNS

CSD 1099

REFER TO INSTRUCTIONS ON REVERSE SIDE



FORM B6 - Cont.
(6/90)

# United States Bankruptcy Court
## SOUTHERN DISTRICT OF CALIFORNIA

Sara Newsome Burns

In re _____     Case No. __99-00811-B13__
                    Debtor                                              (If known)

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 190,000.00 | | |
| B - Personal Property | YES | 4 | $ 13,018.54 | | |
| C - Property Claimed As Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 384,780.70 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $ 250.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 1 | | $ 31,014.89 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 1,677.82 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $ 1,474.00 |
| Total Number of Sheets in ALL Schedules ▶ | | 14 | | | |
| Total Assets ▶ | | | 203,018.54 | | |
| Total Liabilities ▶ | | | | 416,045.59 | |

Bankruptcy2000 ©1991-98, New Hope Software, Inc.  -  10816

FORM B6A
(10/89)

In re ___Sara Newsome Burns_____

Debtor

Case No. ___99-00811-B13_____

(if known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Residence<br><br>4621-23 Kensington Drive, San Diego, CA 92116 | | | 190,000.00 | None |
| | | Total ▶ | 190,000.00 | |

**(Report also on Summary of Schedules)**

Bankruptcy2000 ©1991-98, New Hope Software, Inc. - 30816

FORM B6B
(10/89)

Sara Newsome Burns

In re _____    Case No. _____ 99-00811-B13 _____
                    **Debtor**                                            (if known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G-Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Mutual Fund<br><br>Mutual Fund with Vanguard Fund 73 | | 2,536.54 |
| | | ACCT. #5000009698<br><br>FIRST FEDERAL<br>P.O. BOX 1010<br>CHAMPAIGN, IL  61824 | | 2,000.00 |
| | | CHECKING ACCOUNT NO. 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-0<br><br>WASHINGTON MUTUAL<br>1000 GARNET AVE.<br>SAN DIEGO, CA  92109 | | 600.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | Furniture<br><br>4621-23 Kensington Drive, San Diego, CA 92116 | | 400.00 |

Bankruptcy2000 ©1991-98, New Hope Software, Inc.  -  30816

FORM B6B
(10/89)

In re  Sara Newsome Burns                                      Case No. ___99-00811-B13___
_____                                        (if known)
              Debtor

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| **5.  Books. Pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles.** | | Misc. Books etc.<br><br>4621-23 Kensington Drive, San Diego, CA 92116 | | 200.00 |
| **6.  Wearing apparel.** | | Wearing Apparel<br><br>4621-23 Kensington Drive, San Diego, CA 92116 | | 250.00 |
| **7.  Furs and jewelry.** | | 2 NECKLACES, 2 BRACELETS, 3 PAIRS OF EARRINGS<br><br>4621-23 Kensington Drive, San Diego, CA 92116 | | 50.00 |
| **8.  Firearms and sports, photographic, and other hobby equipment.** | X | | | |
| **9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each.** | X | | | |
| **10. Annuities. Itemize and name each issuer.** | X | | | |
| **11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize.** | X | | | |
| **12. Stock and interests in incorporated and unincorporated businesses. Itemize.** | X | | | |
| **13. Interests in partnerships or joint ventures. Itemize.** | X | | | |
| **14. Government and corporate bonds and other negotiable and non-negotiable instruments.** | X | | | |

Bankruptcy2000 ©1991-98, New Hope Software, Inc.  -  30816

FORM B6B
(10/89)

In re Sara Newsome Burns _____   Case No. 99-00811-B13 _____

Debtor                                                        (if known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlement to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate or a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims. Give estimated value of each. | | Claims against Randy Grossman/Elaine Heine Potential malpractice claims/value unknown | | 0.00 |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1990 Toyata Celica 4621-23 Kensington Drive, San Diego, CA 92116 | | 2,500.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | X | | | |

Bankruptcy2000 ©1991-98, New Hope Software, Inc. - 30816

**FORM B6B**
**(10/89)**

In re ___Sara Newsome Burns_____    Case No.___99-00811-B13_____
                      Debtor                                                                (if known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. | | PREPAID LIVING EXPENSES FOR CALENDAR YEAR 1999 (SEE EXHIBIT B-33) | | 4,482.00 |

           0
_____ continuation sheets attached              Total ▶  | $        13,018.54

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)

Bankruptcy2000 ©1991-98, New Hope Software, Inc.  · 30816

## **EXHIBIT B-33**

### **PREPAID EXPENSES FOR CALENDAR YEAR 1999**

| | |
|---|---:|
| Homeowners Insurance | $ 546.00 |
| Life Insurance | 612.00 |
| Health Insurance | 612.00 |
| Auto Insurance | 612.00 |
| Property Taxes | 2,100.00 |
| **TOTAL** | **$4,482.00** |

FORM B6C
(6/90)

Sara Newsome Burns

In re _____
                    **Debtor**

Case No. ___99-00811-B13___
                    (if known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under

(Check one box)

☐ 11 U.S.C. §522(b)(1)   Exemptions provided in 11 U.S.C. §522(d).  Note:  These exemptions are available only in certain states.

☑ 11 U.S.C. §522(b)(2)   Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| Residence | CCP § 704.720-920 | ~~100,000.00~~ 50,000.00 | 190,000.00 |

FORM B6D
(6/90)

In re    Sara Newsome Burns
_____
          **Debtor**

Case No.    99-00811-B13
_____
                    (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns).

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  0065198883<br><br>Bank America<br>P. O. Box 59104<br>Las Vegas, NV 89159-1004 | | | Lien: Deed of Trust<br><br><br>Value $            190,000.00 | | | | 141,880.70 | 0.00 |
| ACCOUNT NO.<br><br>Proulx, Bradley<br>c/o Bryan Sampson<br>2139 First Avenue<br>San Diego, CA 92101 | | | Lien: Judgment<br><br><br>Value $                   0.00 | | | X | 231,000.00 | 231,000.00 |
| ACCOUNT NO.  001-46-00003-6<br><br>Western Family Financial<br>P. O. Box 8000<br>Carlsbad, CA 92018-8000 | | | Lien: Second Deed of Trust<br><br><br>Value $            190,000.00 | | | | 11,900.00 | 0.00 |
| ACCOUNT NO.<br><br><br><br>Value $ | | | | | | | | |

_0_
___ **Continuation sheets attached**

|  | Subtotal ▶ (Total of this page) | $ | 384,780.70 |
|---|---|---|---|
|  | Total ▶ (Use only on last page) | $ | 384,780.70 |

(Report total also on Summary of Schedules)

Bankruptcy2000 ©1991-98, New Hope Software, Inc. - 30816

B6E
(Rev. 4/98)

In re **Sara Newsome Burns**                                   Case No. **99-00811-B13**
_____                                      _____
Debtor                                                                        (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of this petition.

If any entity other than a spouse in a joint case may be liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns).

Report total of all claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,300* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**

Claims of farmers and fishermen, up to $4,300* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☑ **Deposits by individuals**

Claims of individuals up to $1,950* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

*Amounts are subject to adjustment on April 1, 1998, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

1
_____ continuation sheets attached

Bankruptcy2000 ©1991-98, New Hope Software, Inc. - 30816

FORM B6E - Cont.
(10/89)

In re **Sara Newsome Burns**
_____
Debtor

Case No. **99-00811-B13**
_____
(if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)    Deposits by Individuals

**TYPE OF PRIORITY**

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT CLAIM | AMOUNT ENTITLED, TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> Rubean, Francine <br> 4623 Kensington Drive <br> San Diego, CA  92116 | | | Incurred: February 1998 <br> Consideration: Rental Deposit | X | | | 250.00 | 250.00 |
| ACCOUNT NO. | | | | | | | | |
| ACCOUNT NO. | | | | | | | | |
| ACCOUNT NO. | | | | | | | | |
| ACCOUNT NO. | | | | | | | | |

Sheet no. __1__ of __1__ sheets attached to Schedule of Creditors

| | |
|---|---|
| Subtotal ▶ (Total of this page) | $ 250.00 |
| Total ▶ (Use only on last page of the completed Schedule E) | $ 250.00 |

(Report total also on Summary of Schedules)

Bankruptcy2000 ©1991-98, New Hope Software, Inc. - 70816

FORM B6F (Official Form 6F) (9/97)

In re ___Sara Newsome Burns___                    Case No. ___99-00811-B13___
              Debtor                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Heine, Elaine<br>110 West C Street<br>San Diego, CA  92101 | | | Incurred: April 1998 | | | X | 1,583.89 |
| ACCOUNT NO.<br><br>Seitman, John<br>Lindley, Lazar & Scales<br>550 C Street, Suite 1800<br>San Diego, CA  92101 | | | Consideration: Attorney's Fees | | | | 3,757.25 |
| ACCOUNT NO.<br><br>U. S. Department of Education<br>P. O. Box 746000<br>Atlanta, GA  30374-6000 | | | Incurred: 1995<br>Consideration: Student Loan | | | | 22,077.90 |
| ACCOUNT NO. 4024132000637558<br><br>Visa<br>Bank Card Services<br>P. O. Box 53132<br>Phoenix, AZ  85072-3132 | | | Consideration: Credit Card Debt (Unsecured) | | | | 3,595.85 |

___0___ continuation sheets attached

Subtotal ▶  $  31,014.89

Total ▶  $  31,014.89

(Report total also on Summary of Schedules)

Bankruptcy2000 ©1991-98, New Hope Software, Inc. - 30816

FORM B6I
(6/90)

In re    Sara Newsome Burns
_____
Debtor

Case No. ___99-00811-B13_____
(if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: Single | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | NAMES<br>No dependents | AGE | RELATIONSHIP |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | |
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | N.A. |

Income: (Estimate of average monthly income)

|  | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ 200.00 | $ N.A. |
| Estimated monthly overtime | $ 0.00 | $ N.A. |
| SUBTOTAL | $ 200.00 | $ N.A. |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 0.00 | $ N.A. |
| b. Insurance | $ 0.00 | $ N.A. |
| c. Union dues | $ 0.00 | $ N.A. |
| d. Other (Specify)_____ | $ 0.00 | $ N.A. |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ N.A. |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 200.00 | $ N.A. |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ 0.00 | $ N.A. |
| Income from real property | $ 0.00 | $ N.A. |
| Interest and dividends | $ 600.00 | $ N.A. |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ N.A. |
| Social security or other government assistance (Specify)    Disability | $ 735.00 | $ N.A. |
| Pension or retirement income | $ 0.00 | $ N.A. |
| Other monthly income | $ | $ |
| (Specify)    Letter of Credit Funding | $ 142.82 | $ N.A. |
| | $ 0.00 | $ N.A. |
| TOTAL MONTHLY INCOME | $ 1,677.82 | $ N.A. |

TOTAL COMBINED MONTHLY INCOME $_____1,677.82_____    (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

Bankruptcy2000 ©1991-98, New Hope Software, Inc.   - 30816

FORM B6J
(6/90)

In re    Sara Newsome Burns
_____ ,    Case No.    99-00811-B13
                    Debtor                                              (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family.  Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ 932.00 |
| Are real estate taxes included?    Yes _____    No ✓ | |
| Is property insurance included?    Yes _____    No ✓ | |
| Utilities    Electricity and heating fuel | $ 75.00 |
| Water and sewer | $ 57.00 |
| Telephone | $ 55.00 |
| Other _____ | $ 0.00 |
| Home maintenance (Repairs and upkeep) | $ 100.00 |
| Food | $ 175.00 |
| Clothing | $ 15.00 |
| Laundry and dry cleaning | $ 0.00 |
| Medical and dental expenses | $ 0.00 |
| Transportation (not including car payments | $ 55.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 10.00 |
| Charitable contributions | $ 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | |
| Homeowner's or renter's | $ 0.00 |
| Life | $ 0.00 |
| Health | $ 0.00 |
| Auto | $ 0.00 |
| Other _____ | $ 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | |
| (Specify)_____ | $ 0.00 |
| Installment payments (In chapter 12 and 13 cases, do not list payments to be included in the plan) | |
| Auto | $ 0.00 |
| Other _____ | $ 0.00 |
| Other _____ | $ 0.00 |
| Alimony, maintenance, and support paid to others | $ 0.00 |
| Payments for support of additional dependents not living at your home | $ 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| Other _____ | $ 0.00 |

| | |
|---|---:|
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ 1,474.00 |

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---:|
| A.  Total projected monthly income | $ 1,677.82 |
| B.  Total projected monthly expenses | $ 1,474.00 |
| C.  Excess income (A minus B) | $ 203.82 |
| D.  Total amount to be paid into plan each _____  monthly | $ 200.00 |
| (interval) | |

Bankruptcy2000 ©1991-98, New Hope Software, Inc. - 30816

Form B6-Cont.
(12/94)

In re    Sara Newsome Burns

_____,
Debtor

Case No.    99-00811-B13
_____
(If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of

15
(Total shown on summary page plus 1)

sheets and that they are true and correct to the best of my knowledge, information and belief.

Date    3/5/99

Signature    Sara J. Burns
Debtor

Date    _____

Signature    **Not Applicable**
(Joint Debtor, if any)

[If joint case, both spouses must sign]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C.§110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed or Typed Name of Bankruptcy Petition Preparer

_____
Social Security No.

_____

**Address**

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X_____
Signature of Bankruptcy Petition Preparer

_____
Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. §156.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Bankruptcy2000 ©1991-98, New Hope Software, Inc. - 30816

EXHIBIT ___"2"___

F I L E D

KENNETH E. MARTONE
Clerk of the Superior Court

OCT 3 0 1998

MC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | | |
|---|---|---|
| BRADLEY PROULX, | ) | CASE NO.   711064 |
| Plaintiff, | ) | JUDGMENT |
| | ) | |
| v. | ) | |
| | ) | |
| SARA NEWSOME BURNS, | ) | |
| | ) | |
| Defendant. | ) | |

This cause came on for hearing on June 15, 1998, in Department M-25 of the above-entitled court, the Honorable Timothy W. Tower, Judge, presiding.  Plaintiff appeared by his attorney T. Michael Reed, and defendant appeared by her attorneys David Tiffany and Randy Grossman.

Jury was waived.  Witnesses on the part of both plaintiffs and defendants were sworn and examined.  After hearing the evidence and the arguments of counsel, the court subsequently rendered a Statement of Decision as follows:  See Statement of Decision attached as Exhibit 1.

WHEREFORE, by virtue of law, and by reason of the premises aforesaid, it is ordered, adjudged, and decreed that plaintiff

EXHIBIT ___"3"___

---

**SARA NEWSOME BURNS**     (11-20-98)

PAGE 1 TO PAGE 43

Fivecoat & With

(619) 236-0333

---

**CONDENSED TRANSCRIPT AND CONCORDANCE**
PREPARED BY:

*Fivecoat & With*
*701 B Street, Suite 760*
*San Diego, California 92101*
*Phone: (619) 236-0333*
*FAX: (619) 236-9656*



## Page 1

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN DIEGO

BRADLEY PROULX,

   PLAINTIFF,

  VS.     NO. 711064

SARA NEWSOME BURNS, AND DOES
1 THROUGH 20,

   DEFENDANTS.

DEBTOR'S EXAMINATION OF SARA NEWSOME BURNS
SAN DIEGO, CALIFORNIA
NOVEMBER 20, 1998

TERESA STONESIFER, CSR NO. 6351

## Page 2

I N D E X

DEPONENT: SARA NEWSOME BURNS   EXAMINATION

By Mr. Reed        4

INDEX OF EXHIBITS

(None were offered)

## Page 3

APPEARANCES:
FOR THE PLAINTIFF:

  Casey, Gerry, Reed & Schenk
  By T. Michael Reed, Esq.
  110 Laurel Street
  San Diego, California  92101

FOR THE DEFENDANTS:

  Lawton Law Firm
  By Ben Lawton, Esq.
  Suite 1600
  550 West C Street
  San Diego, California  92101

Deposition of Sara Newsome Burns,

taken by the Plaintiff at 820 Broadway, Suite 800,

San Diego, California, on Friday, November 20, 1998, at

10:45 a.m. before Teresa A. Stonesifer, CSR No. 6351,

pursuant to Court Order.

## Page 4

(1) SARA NEWSOME BURNS,
(2) having been previously duly sworn, testified as follows:
(3)
(4) EXAMINATION
(5) BY MR. REED:
(6) Q. Miss Burns, would you state your full name
(7) for the record, please.
(8) A. Sara Jo Burns.
(9) Q. You were given an oath by Miss Radmaka, the
(10) court clerk?
(11) A. Yes.
(12) Q. What did the quote say? I was out of
(13) earshot.
(14) MR. LAWTON:  Counsel, you have my
(15) representation it was the standard oath.  She swore under
(16) penalty of perjury to tell the truth.
(17) BY MR. REED:
(18) Q. And the answer to my question is?
(19) Did she say something like that?
(20) MR. LAWTON: Yes.
(21) BY MR. REED:
(22) Q. What is your address?
(23) A. 4621 Kensington Drive.
(24) Q. And how long have you lived there?
(25) A. Approximately two years almost.
(26) Q. Did you just purchase that place?
(27) A. I purchased it in February of –
(28) Q. You have a grant date February 14th, '97?

## Page 9

(1)  MR. REED: I'm ready to move on.
(2)  MR. LAWTON: Please do.
(3)  BY MR. REED:
(4)  Q. Are you employed by anyone?
(5)  A. No.
(6)  Q. When's the last time you were employed?
(7)  A. I believe temporarily in '94, December.
(8)  Q. What was the –
(9)  A. Or November. Excuse me.
(10) Q. What was that?
(11) A. I worked for a temp agency.
(12) Q. Doing?
(13) A. Insurance billing.
(14) Q. Are you conducting any businesses? Are you
(15) in business for yourself in any sense of the word now?
(16) A. I have a tenant in my house, but that's it.
(17) Q. I'll get to later.
(18) Other than your tenant, are you conducting
(19) any business?
(20) A. No.
(21) Q. Making any money in any way?
(22) A. No.
(23) Q. Through business ventures?
(24) A. No.
(25) Q. Are you married?
(26) A. No.
(27) Q. Ever been married?
(28) A. Yes.

## Page 10

(1)  Q. Okay. Do you have any children?
(2)  A. No.
(3)  Q. Now, we've talked about your home. You do
(4)  have a boarder or a tenant. Who is that?
(5)  A. Her name's Franchie.
(6)  Q. Francine what?
(7)  A. Ribeau, R-i-b-e-a-u.
(8)  Q. And which address of the two addresses on the
(9)  home is hers?
(10) A. 4623.
(11) Q. How long has she been your tenant?
(12) A. Since early part of this year. I don't
(13) remember what month.
(14) Q. So somewhere around 9, 10 months maybe?
(15) A. Somewhere around there, yeah.
(16) Q. What does she pay for rent?
(17) A. 600.
(18) Q. Per month?
(19) A. Yep.
(20) Q. Okay. Apart from rent, then – does she pay
(21) that directly to you?
(22) A. Yep.
(23) Q. Okay. In a check?
(24) A. Yep.
(25) Q. When is it due?
(26) A. Well, I've been real lenient with her because
(27) she's a student. Just some time in the month.
(28) Q. Do you have a lease with her?

## Page 11

(1)  A. I did. We're month to month.
(2)  Q. It's month to month. Is there a time that
(3)  the rent is actually due?
(4)  A. The 1st.
(5)  Q. Do you have any other sources of income that
(6)  we haven't talked about which include the rent? That's
(7)  the only one we've talked about I guess so far.
(8)  A. No.
(9)  Q. Okay. Now –
(10) A. Oh, I'm on disability.
(11) Q. And that's from social security?
(12) A. Right.
(13) Q. And how much is that?
(14) A. About $700.
(15) Q. No pensions, no profit sharing, nothing of
(16) that nature?
(17) A. No.
(18) Q. No other regular payments or no other debts
(19) coming in?
(20) A. Nope.
(21) Q. Do you have any interest – do you get any
(22) interest from any funds of any type?
(23) A. I don't know if I do or not.
(24) Q. Do you have any safe deposit boxes?
(25) A. Nope.
(26) Q. Do you have or do you use or have access to
(27) any safe deposit boxes?
(28) A. Nope.

## Page 12

(1)  Q. Do you have any deposits, savings, checking,
(2)  or any other kind of account at any bank or financial
(3)  institution?
(4)  A. Yes.
(5)  Q. We'll start with those. First off, how many
(6)  accounts do you have total?
(7)  A. Three.
(8)  Q. And where – where are each of the three?
(9)  A. One of them is here, Washington Mutual.
(10) Q. And which branch?
(11) A. It's the Garnet branch.
(12) Q. And that's still open?
(13) A. Yeah.
(14) Q. That's your checking account?
(15) A. Yeah.
(16) Q. How much does that have in it right now?
(17) A. I think it's overdrawn.
(18) Q. Did you close the accounts at Washington
(19) Mutual at Adams or is that still –
(20) A. I haven't closed the account there. It's
(21) just overdrawn.
(22) Q. Okay. And the next account, that's one
(23) check, I guess.
(24) A. There's one in Illinois.
(25) Q. What bank is that?
(26) A. It's either like a Home Savings or First
(27) Savings or Federal Savings or something like that.
(28) Q. What town in Illinois is it in?

**Page 13**

(1)  A. It's in Urbana, Illinois.
(2)  Q. Do you know what street?
(3)  A. Nope.
(4)  Q. When was that account established?
(5)  A. This week.
(6)  Q. Why?
(7)  A. Because I was – I had had my mail gone
(8)  through, and I did not want to leave the account that I
(9)  had opened, so I put it in that bank.
(10) Q. What account did you have open that you
(11) didn't want to leave open?
(12) A. In Vanguard.
(13) Q. Vanguard. Do you still have a Vanguard
(14) account?
(15) A. I have a Windsor account.
(16) Q. So you have money investigated in Windsor?
(17) A. Um-hum.
(18) Q. Is it Windsor 1 or 2?
(19) A. I believe it's Windsor – I'm not sure.
(20) Q. Okay. When – how much is in that account?
(21) A. I think around 2500.
(22) Q. How much – did you move some of that to the
(23) Urbana, Illinois, bank?
(24) A. No.
(25) Q. What is in the Urbana, Illinois, bank?
(26) A. What do you mean "what's in there"?
(27) Q. Well, how much money's in it or what's in it?
(28) A. I'd say at this point around $900.

**Page 14**

(1)  Q. What kind of account is it?
(2)  A. Checking.
(3)  Q. Who is in Urbana, Illinois?
(4)  A. My father.
(5)  Q. Okay. Did he set the account up for you?
(6)  A. Yes.
(7)  Q. And what's his name and address?
(8)  A. Jack Newsome, N-e-w-s-o-m-e.
(9)  Q. Address?
(10) A. He lives on Barringer Circle.
(11) Q. In Urbana?
(12) A. Um-hum.
(13) Q. Do you know his telephone number?
(14) A. I don't know it offhand.
(15) MR. LAWTON: And I don't think that's really
(16) relevant.
(17) BY MR. REED:
(18) Q. Is he holding any money for you?
(19) A. No, he isn't.
(20) Q. Is anyone holding any money for you other
(21) than financial institutions or banks?
(22) A. No.
(23) Q. Now, you've got a Washington mutual account
(24) on Garnet that you believe is overdrawn at present. You
(25) have an Illinois – and you don't know what bank it's in.
(26) Have you received any bank statements at all?
(27) A. No.
(28) Q. What was used – what did you use to open the

**Page 15**

(1)  account?
(2)  A. The Vanguard money market got shifted over to
(3)  that state after my mail had been tampered with.
(4)  Q. What made you think your mail was tampered
(5)  with?
(6)  A. Because ironically, my attorney's mail and
(7)  financial statements were ripped open.
(8)  Q. Where –
(9)  A. I suspect it's from your client.
(10) Q. You mean out of the mailbox?
(11) A. Yes.
(12) Q. Do you have any reason to believe it's my
(13) client other than the fact that you think it is?
(14) A. Yes. I feel like who else would be
(15) interested in my attorney's correspondence to me along
(16) with financial information. Nobody else cares.
(17) Q. Do you think I did it?
(18) A. I think your client did it.
(19) Q. Okay. So you had – let me straighten this
(20) out then. So you've got that Illinois account and you
(21) have a Vanguard account presently?
(22) A. The Windsor.
(23) Q. The Windsor account. Vanguard's a series of
(24) funds and Windsor's one fund. You're telling me you have
(25) a Windsor account in the Vanguard system; is that right?
(26) A. That's right.
(27) Q. And no other accounts in the Vanguard system
(28) or no other mutual accounts?

**Page 16**

(1)  A. No.
(2)  Q. Do you have a brokerage account of any kind?
(3)  A. No.
(4)  Q. Do you have any stocks, bonds, other than the
(5)  Windsor?
(6)  A. No.
(7)  Q. And you sent the money market fund from the
(8)  Vanguard funds to Urbana, and that was about $900?
(9)  A. There – I made payments this week because I
(10) am filing for bankruptcy, and I paid all my past debtors
(11) off including the IRS.
(12) Q. Did you owe the IRS something?
(13) A. Yes.
(14) Q. What did you pay the IRS?
(15) A. 70-.
(16) Q. Seventy what?
(17) A. Thousand.
(18) Q. When?
(19) A. This week.
(20) Q. Do you have a bankruptcy attorney?
(21) A. Yes.
(22) Q. Who's that?
(23) A. Scott Kehn.
(24) Q. Can you spell the last name?
(25) A. K-e-h-n.
(26) Q. Okay. Other than those three accounts, the
(27) Washington Mutual, Illinois, and Vanguard accounts, do you
(28) have any other accounts, any kind of savings institution,

## Page 26

(1) that FPA has filed for bankruptcy, and there is an issue
(2) that the final installment of that may not be received.
(3)     Q. Did you make any effort – did you or anybody
(4) on your behalf such as your attorneys ask a United States
(5) attorney or the government to expedite your payment of
(6) that last money?
(7)     A. We – I – the U.S. attorney is looking into
(8) that matter, and I have not –
(9)     Q. Who –
(10)     A. Jan Appel is my attorney handling that.
(11)     Q. Where did you meet with Jan Appel?
(12)     A. His office, on the phone.
(13)     Q. Okay. Do you know where he lives?
(14)     A. Why would I know where he lives?
(15)     Q. Do you know where he lives?
(16)     A. No.
(17)     Q. All right. The money that you get from the
(18) government goes to him, and then he distributes it to you?
(19)     A. (Witness nods head).
(20)     Q. Yes?
(21)     A. Yes.
(22)     Q. Does he take a fee out of that?
(23)     A. Yes.
(24)     Q. How much does he take out of it?
(25)     MR. LAWTON: Counsel, I think that's
(26) privileged. I don't think you're entitled to inquire into
(27) the fee arrangements Miss Burns has with her lawyer.
(28)     MR. REED: I'll withdraw it.

## Page 27

(1) there.
(2)     MR. LAWTON: I don't think you're entitled to
(3) ask that. I think that's – I think that is privileged,
(4) and if you think I'm mistaken, we can talk about it but –
(5)     MR. REED: We'll go inside and ask the judge
(6) in a moment.
(7)     BY MR. REED:
(8)     Q. Do you owe anybody any money presently?
(9)     A. You mean personal people or –
(10)     Q. Do you owe anybody any money personally?
(11)     A. Sure.
(12)     Q. Okay. other than – you've indicated two
(13) trust deeds against your house and you believe that
(14) there's a debt against your automobile. Other than those
(15) three things, do you owe anybody any money?
(16)     A. I have a student loan.
(17)     Q. How much is owed?
(18)     A. Around $10,000 at this point.
(19)     Q. Okay. Anything else?
(20)     A. I have I – there's like utility bills and
(21) things like that.
(22)     Q. I'm looking for outstanding debts, not just
(23) your monthly living expenses. Can't think of any others?
(24)     A. Not off the top of my head. That doesn't
(25) mean I don't have any. I just don't know of any.
(26)     Q. You paid the IRS, you said, $70,000 just last
(27) week. Where did that money come from?
(28)     A. The account in Illinois.

## Page 28

(1)     BY MR. REED:
(2)     Q. With respect to your – the amount that you
(3) get, how much have you actually received from the
(4) government?
(5)     A. Somewhere around 400-. In between 400- and
(6) 450,000.
(7)     Q. Okay. And what – that's over the period of
(8) beginning when, 1996?
(9)     A. Um-hum.
(10)     Q. So, over the last two years, you received
(11) somewhere between 400- and 450,000, correct?
(12)     A. Yeah.
(13)     Q. All right. What's happened to that money?
(14) Where is it?
(15)     A. It's gone. I've had a lot of debts to take
(16) care of.
(17)     Q. Tell me all the debts that you've paid with
(18) that money.
(19)     A. I will do the best I can to tell you the
(20) debts I paid. I don't have anything in front of me. Most
(21) of it has gone to attorneys and to the IRS.
(22)     Q. How much went to the attorneys?
(23)     MR. LAWTON: Well, Counsel, once again I'm
(24) not sure whether you're entitled to inquire into her fee
(25) arrangements with her lawyers.
(26)     MR. REED: I'm not inquiring about the fee
(27) arrangement. I'm looking for where the assets went. They
(28) went to attorneys. I just want to know how much went

## Page 28

(1)     Q. That you put $900 in?
(2)     A. No. The money –
(3)     MR. LAWTON: I don't think she testified she
(4) put $900 in it, Counsel. I think her testimony was to the
(5) effect that the balance today is $900.
(6)     BY MR. REED:
(7)     Q. How much did you put into the account in
(8) Illinois? I think that's what I asked.
(9)     A. I think it was around 130,000.
(10)     Q. And where did that come from?
(11)     A. The Vanguard money market.
(12)     Q. All right. So the total amount that you put
(13) into this – I asked you if you transferred any funds.
(14)     A. I think I was real up front with you that I
(15) did that. I wasn't trying to hide anything.
(16)     Q. I didn't accuse you of it.
(17)     A. Sounds like you are.
(18)     MR. LAWTON: Well, let's have – I don't
(19) think there's a question pending, so let's have a
(20) question.
(21)     BY MR. REED:
(22)     Q. The question is did you – is the total
(23) amount of money that you moved into this Illinois account
(24) about $130,000 up to date?
(25)     A. That was the amount, and then I paid off my
(26) taxes.
(27)     Q. That was about 70,000?
(28)     A. For the debts, yes.