L. Scott Keehn (SBN 61691)
Lisa L. Keehn (SBN 167696)
**ROBBINS & KEEHN**
A Professional Corporation
530 "B" Street, Suite 2400
San Diego, California  92101
Telephone:  (619) 232-1700

Attorneys for Debtor
**SARA NEWSOME BURNS**

FILED
99 MAR 15 AM 10: 10
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | CASE NO. 99-00811-B13 |
| **SARA NEWSOME BURNS**, an individual, | **DEBTOR'S RESPONSE TO TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |
| Debtor. | Date:  March 17, 1999 |
| | Time:  10:00 a.m. |
| | Dept.:  Three |
| | Judge: Hon. John J. Hargrove |

SARA NEWSOME BURNS, an individual and the Chapter 13 debtor in these proceedings ("Debtor"), respectfully submits the following response to the objection to confirmation of Chapter 13 plan dated March 5, 1999, brought by the Chapter 13 trustee herein (the "Trustee").

### I.

### INTRODUCTION

This case involves a debtor who is on permanent disability after ten (10) hip replacement surgeries.  She has moderate sources of income, including disability payments, and she has received a

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095



56100/LLK/4812.01

"whistle blower" award from the federal government for her integral role in uncovering a massive medicare fraud scheme (that award is currently in the client trust account of the Debtor's counsel pursuant to this Court's order entered February 22, 1999, a copy of which is attached hereto marked "Exhibit A" and incorporated herein by this reference).  On March 5, 1999, the Debtor proposed a Chapter 13 plan which will pay <u>one hundred percent (100%)</u> of all her allowed unsecured claims.

The Trustee objected to the plan by marking the section of the standard "Trustee's Objections To Confirmation of Chapter 13 Plan" which states "[t]he Plan is not proposed in good faith or does not comply with Code provisions" (the "Objection").[1]  However, the Trustee has provided no evidence, legal authority, or explanation in support of this Objection.

The Objection has no basis in law or fact and, as shown below, the Debtor filed her Chapter 13 plan in good faith.  Therefore, the Debtor's plan, as proposed, should be confirmed.

II.

<u>DISCUSSION</u>

The Ninth Circuit Bankruptcy Appellate Panel has held that the following facts should be considered in determining whether a chapter 13 plan is proposed in good faith:

1.    The amount of the proposed payments and the amounts of the debtor's surplus;

2.    The debtor's employment history, ability to earn, and likelihood of future increases in income;

---

[1]    A copy of the Trustee's Objection dated February 4, 1999, is attached hereto marked "Exhibit B" and incorporated herein by this reference.

ROBBINS & KEEHN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

56100/LLK/4812.01

3.    The probable or expected duration of the plan;

4.    The accuracy of the plan's statements of the debts, expenses and percentage of repayment of unsecured debt, and whether any inaccuracies are an attempt to mislead the court;

5.    The extent of preferential treatment between classes of creditors;

6.    The extent to which secured claims are modified;

7.    The type of debt sought to be discharged, and whether any such debt is nondischargeable in Chapter 7;

8.    The existence of special circumstances such as inordinate medical expenses;

9.    The frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

10.   The motivation and sincerity of the debtor in seeking Chapter 13 relief; and

11.   The burden which the plan's administration would place upon the trustee.

In re Warren, 89 B.R. 87, 93 (9th Cir. BAP 1988).

In this case, the Debtor has proposed a plan which will pay one hundred percent (100%) of all allowed unsecured claims.

The Debtor is presently on permanent disability and because of ten (10) hip replacement surgeries, she has a small likelihood of future increases in income.

The plan is a three (3) year plan.

There are no apparent inaccuracies in any of the Debtor's schedules or statements.

The plan does not provide for any preferential treatment between classes of creditors.

No secured claims are modified by the Debtor's plan.

The Debtor intends to pay all allowed unsecured claims through her Chapter 13 plan.

ROBBINS & KEHIN, APC
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9095

1    A special circumstance existing in this case is the Debtor's
2    status as permanently disabled.

3    The Debtor has never previously sought bankruptcy relief.

4    The Debtor seeks nothing more than to put the mechanisms of
5    Chapter 13 to the very use that Congress had in mind when it
6    originally created this rehabilitation Chapter.

7    There does not appear to be any unusual burden placed on the
8    Trustee for the plan's administration.

9                              III.

10                          **CONCLUSION**

11    The Debtor has proposed her Chapter 13 plan in good faith.  The
12    Trustee has shown no evidence in this case to the contrary.  The
13    Debtor has met her burden of proof on the issue of good faith.
14    Therefore, the Debtor's proposed Chapter 13 plan should be confirmed
15    and the Objection overruled.

16    Dated: *March 15, 1999*          **ROBBINS & KEEHN**
17                                     A Professional Corporation

18
19
20    By_____
                Lisa L. Keehn
21              Attorneys for Debtor
                **SARA NEWSOME BURNS**
22
23
24
25
26
27
28

**ROBBINS & KEEHN, APC**
ATTORNEYS AT LAW
2400 UNION BANK BUILDING · 530 "B" STREET
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 232-1700 · TELECOPIER (619) 544-9055

*56100/LLK/4812.01*

CSD 1190 (07/01/96)

Name, Address, Telephone No. & I.D.

Bryan D. Sampson, Esq. (43143)
SAMPSON & ASSOCIATES
2139 First Avenue
San Diego, CA. 92101

Phone: (619) 557-9420
Fax:   (619) 557-9425

### UNITED STATES BANKRUPTCY COURT
#### SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

n Re        Sara Newsome Burns

BANKRUPTCY NO.  99-00811-B13

Debtor.

## NOTICE OF ENTRY

O THE PARTIES IN INTEREST NAMED BELOW:

You are hereby notified that on _____ **FEB 2 2 1999** _____, this Court entered in the docket for the above-
titled case the following Judgment [or Order], to wit:

Order Authorizing Payment

I hereby certify that a copy of this notice was mailed to the parties of interest on this date: [check as appropriate]

x]  UNITED STATES TRUSTEE, Department of Justice, 402 West Broadway, Suite 600, San Diego, CA 92101
x]  THOMAS H. BILLINGSLEA, JR., TRUSTEE, 530 "B" Street, Suite 1500, San Diego, CA 92101
        (For Chapter 13 cases numbered 90-08445 or lower and ODD numbers beginning with 92-01217)
 ]  DAVID L. SKELTON, TRUSTEE, 620 "C" Street, Suite 413, San Diego, CA 92101-5312
        (For Chapter 13 cases numbered 90-08446 to 92-01215 and EVEN numbers beginning with 92-01216)
 ]  Chapter 7 Trustee:

! in addition: [Continue on reverse, if necessary]

Charles F. Robbins, Esq.          Stephen Segreto
Rpbbins & Keehn                   Assistant U.S. Attorney
530 "B" Street, Suite 2400        Southern District of California
San Diego, CA. 92101              880 Front St., Rm. 6293
                                  San Diego, CA. 92101

TED: FEB 2 2 1999                 Barry K. Lander, Clerk

**EXHIBIT A**                     By: _____, Deputy Clerk

1190

1 | **SAMPSON & ASSOCIATES**
Bryan D. Sampson (#143143)
2 | 2139 First Avenue
San Diego, CA 92101
3 | (619) 557-9420/Fax (619) 557-9425

4 | Attorneys for Creditor BRADLEY PROULX

5

6

7

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | In re:                                        )    CASE NO. 99-00811-B13
                                                )
12 |                                             )    **ORDER AUTHORIZING**
         SARA NEWSOME BURNS,             )    **PAYMENT**
13 |                                             )
                                                )    Date:        2/9/99
14 |              Debtor.                    )    Time:        11:00 a.m.
                                                )    Ctrm:        3
15 | _____ )    Hon. John J. Hargrove

16

17 |         Creditor Bradley Proulx's application for an order authorizing payment of

18 | settlement monies to a segregated account on monies owed to Debtor BURNS

19 | from the United States of America to the Chapter 13 Trustee came before the

20 | Court on the above date and time by Creditor's ex parte application.  Creditor

21 | BRADLEY PROULX appeared through his counsel, Bryan D. Sampson.  The

22 | United States of America appeared through its counsel, Stephen Segreto.  Sara

23 | Newsome Burns did not appear.  Upon reviewing the pleadings filed by the parties,

24 | hearing oral argument, and good cause appearing therefore,

25 |         IT IS HEREBY ORDERED that the UNITED STATES OF AMERICA shall

26 | immediately pay any and all monies currently due and owing to Debtor SARA

27 | NEWSOME BURNS directly to Debtor's counsel, Robbins & Keehn, at 530 "B"

28 | Street, Suite 2400, San Diego, California 92101, c/o of Charles F. Robbins, Esq.


EXHIBIT A

1      IT IS FURTHER HEREBY ORDERED that the UNITED STATES OF

2  AMERICA is then deemed to have discharged all of its obligations under the

3  subject settlement and is, therefore, released from any further liability against all

4  parties in this action, including but not limited to Debtor SARA NEWSOME

5  BURNS, Creditor Bradley Proulx, and their counsel.

6      IT IS FURTHER HEREBY ORDERED that Debtor's counsel, Charles F.

7  Robbins, Esq., and his firm, Robbins & Keehn, are hereby instructed to place the

8  funds from the United States of America into a segregated, interest-bearing

9  account.  The funds may not be disbursed without further order of this court.

10  Further, in the event the Debtor dismisses her Chapter 13 action, the funds shall

11  remain in the account of Debtor's counsel, pending further order of this court.

12      **IT IS SO ORDERED.**

13

14  DATED: _____        _____

15                                Judge, United States Bankruptcy Court

16  **NOTICE:**   Signature by the attorney constitutes a certification under Federal
               Rule of Bankruptcy Procedure 9011 that the relief provided by the
17             Order is the relief granted by the Court.

18
   Submitted by:                 _____
19                                Bryan D. Sampson

20

21

22

23

24

25

26

27  In re: Sara Newsome Burns
    Case No.: 99-00811-B13
28  Order Authorizing Payment


EXHIBIT A

1  **SAMPSON & ASSOCIATES**
   Bryan D. Sampson (#143143)
2  2139 First Avenue
   San Diego, CA 92101
3  (619) 557-9420/Fax (619) 557-9425

4  Attorneys for Creditor BRADLEY PROULX

5

6

7

8            **UNITED STATES BANKRUPTCY COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10
     In re:                            )   CASE NO. 99-00811-B13
11                                      )
                                        )   **NOTICE OF LODGMENT OF**
12            SARA NEWSOME BURNS,       )   **ORDER**
                                        )
13                                      )
                   Debtor.              )   Date:      2/9/99
14                                      )   Time:      11:00 A.M.
                                        )   Ctrm:      3
15   _____    Hon. John J. Hargrove

16
            NOTICE IS HEREBY GIVEN that Plaintiff BRADLEY PROULX hereby
17
     lodges with the court the following Order Authorizing Payment, as Exhibit "A."
18
     Please take further notice that any objections to the form and content of the
19
     proposed Order must be filed and served within five (5) business days from the
20
     date of service of this notice.
21
     **EXHIBIT**                  **DESCRIPTION**
22
     "A"                         Order Authorizing Payment
23
     DATED: February 10, 1999          **SAMPSON & ASSOCIATES**
24
25                                 By:  _____
26                                      Bryan D. Sampson
                                        Attorneys for Creditor BRADLEY
27                                      PROULX
28


EXHIBIT A - 3

1 | **SAMPSON & ASSOCIATES**
Bryan D. Sampson (#143143)
2 | 2139 First Avenue
San Diego, CA 92101
3 | (619) 557-9420/Fax (619) 557-9425

4 | Attorneys for Creditor BRADLEY PROULX

5

6

7

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

10 | In re:

11 |                                                    ) CASE NO. 99-00811-B13

12 | SARA NEWSOME BURNS,     ) **ORDER AUTHORIZING PAYMENT**

13 |                                                    )

14 | Debtor.                                    ) Date:      2/9/99
                                                     ) Time:      11:00 a.m.
                                                     ) Ctrm:      3
15 | _____    ) Hon. John J. Hargrove

16

17 | Creditor Bradley Proulx's application for an order authorizing payment of

18 | settlement monies to a segregated account on monies owed to Debtor BURNS

19 | from the United States of America to the Chapter 13 Trustee came before the

20 | Court on the above date and time by Creditor's ex parte application. Creditor

21 | BRADLEY PROULX appeared through his counsel, Bryan D. Sampson. The

22 | United States of America appeared through its counsel, Stephen Segreto. Sara

23 | Newsome Burns did not appear. Upon reviewing the pleadings filed by the parties,

24 | hearing oral argument, and good cause appearing therefore,

25 | IT IS HEREBY ORDERED that the UNITED STATES OF AMERICA shall

26 | immediately pay any and all monies currently due and owing to Debtor SARA

27 | NEWSOME BURNS directly to Debtor's counsel, Robbins & Keehn, at 530 "B"

28 | Street, Suite 2400, San Diego, California 92101, c/o of Charles F. Robbins, Esq.

**EXHIBIT A**

EXHIBIT "A"

1   IT IS FURTHER HEREBY ORDERED that the UNITED STATES OF

2   AMERICA is then deemed to have discharged all of its obligations under the

3   subject settlement and is, therefore, released from any further liability against all

4   parties in this action, including but not limited to Debtor SARA NEWSOME

5   BURNS, Creditor Bradley Proulx, and their counsel.

6       IT IS FURTHER HEREBY ORDERED that Debtor's counsel, Charles F.

7   Robbins, Esq., and his firm, Robbins & Keehn, are hereby instructed to place the

8   funds from the United States of America into a segregated, interest-bearing

9   account.  The funds may not be disbursed without further order of this court.

10  Further, in the event the Debtor dismisses her Chapter 13 action, the funds shall

11  remain in the account of Debtor's counsel, pending further order of this court.

12      IT IS SO ORDERED.

13

14  DATED: _____          _____

15                                  Judge, United States Bankruptcy Court

16  NOTICE:     Signature by the attorney constitutes a certification under Federal
                Rule of Bankruptcy Procedure 9011 that the relief provided by the
17              Order is the relief granted by the Court.

18  Submitted by:

19                                  Bryan D. Sampson

20

21

22

23

24

25

26

27  In re: Sara Newsome Burns
    Case No.: 99-00811-B13
28  Order Authorizing Payment


EXHIBIT A

| UNITED STATES BANKR___ ___Y COURT, .SOUTHERN DISTRICT OF CALIFORNIA 325 W. "F" Street, San Diego, CA 92101-8970 | COURT USE ONLY |
|---|---|
| **TITLE OF CASE (Abbreviated)** In re Burns | |
| **ATTORNEY(S) NAME AND ADDRESS    TELEPHONE NO.** Bryan D. Sampson, Esq. (#143143)   (619) 557-9420 SAMPSON & ASSOCIATES 2139 First Avenue San Diego, California 92101                  fax: 619/557-9425 | |

| **ATTORNEY(S) FOR:** Creditor SARA NEWSOME BURNS | **HEARING DATE-TIME-DEPT** 2/9/99  11:00 a.m.  3 | **CASE NO.** 99-00811-B13 |
|---|---|---|

## DECLARATION OF SERVICE

I, Jody Racanelli, declare that: I am a citizen of the United States and am employed in the County of San Diego, State of California; I am over the age of 18 years and not a party to this action; my business address is 2139 First Avenue, San Diego, CA., 92101;

On February 10, 1999, I served the following document(s):

1.    **Notice of Entry;**
2.    **Order Authorizing Payment;**
3.    **Notice of Lodgement of Order.**

addressed to:

Charles F. Robbins, Esq.
Robbins & Keehn
530 "B" Street, Suite 2400
San Diego, CA. 92101

U.S. Trustee's Office
402 West Broadway, Suite 600
San Diego, CA. 92101

Stephen Segreto
Assistant U.S. Attorney
Southern District of California
880 Front St., Rm 6293
San Diego, CA. 92101

Thomas H. Billingslea, Jr.
Chapter 13 Trustee
530 "B" Street, Suite 1500
San Diego, CA. 92101

in the following manner of service (check proper box):

  X    (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at San Diego, California.
_____    (VIA TELECOPIER) I also caused such document to be telecopied to the offices of the addressees where indicated.
_____    (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on February 10, 1999, at San Diego, California.

*Jody Racanelli*
Jody Racanelli

EXHIBIT A - 9

Thomas H. Billingslea, Jr
530 "B" Street, Suite 1500
San Diego, CA 92101
(619) 233-7525

**FILED**

99 FEB 15 PH 7:17

CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

U.S. Bankruptcy Court,
Southern District of California
325 West F Street, San Diego, CA 92189

In Re:

SARA NEWSOME BURNS

Bankruptcy No.:

99-00811-B-13

## Trustee's Objections To Confirmation of Chapter 13 Plan

Thomas H. Billingslea, Jr., the Standing Chapter 13 Trustee, hereby objects to confirmation and moves to dismiss. The basis for the objection is:

_____ 1. **Plan Length:** The Plan length is over 60 months. [1322 (d)]

_____ 2. **Jurisdictional Limitations:** Debtors owe debts in excess of $269,250 in unsecured debts and/or $807,750 in secured debts. [109 (e)]

_____ 3. **Disposable Income**
     _____ Debtor has failed to apply all projected disposable income to plan for a period of not less than three years. [1325 (b) (1) (B)]
     _____ Debtor's Expenses are high, namely:
          _____ Transportation
          _____ 401K Deduction
          _____ Recreation
          _____ Other
     _____ Income listed on Schedule I differs from Paycheck stub.

_____ 4 **Unfair Discrimination:** The plan discriminates among the unsecured creditors. [1322 (b) (1)]
     _____ Automobile    _____ Student Loan

_____ 5. **Arrears:** The plan does not provide for the timely curing of mortgage arrears.

_____ 6. **The plan is incomprehensible or internally inconsistent and the Trustee cannot administer it in current format.**
     _____ Need to file Mandated Plan

_____ 7. **Plan Payments**
     _____ Inability to make timely plan payments. [1325 (a) (6)]

X 8. **The Plan is not proposed in good faith or does not comply with Code provisions.**
     _____ Tax Returns have not been filed for years: _____
     _____ Inadequate Post-Petition Tax Provision
     _____ Failure to disclose prior bankruptcy
     _____ Failure to timely respond to requests of Trustee
     _____ Failure to provide for full payment of all priority claims.

_____ 9. **Liquidation Analysis:** Allowed unsecured creditors receive less under a Chapter 13 than they would have under a Chapter 7. [1325 (a) (4)]

I hereby certify under penalty of perjury that I have on this date mailed a true copy of this Objection to Plan to the Attorney for the debtor (or debtors).

Dated: 2/4/99

Attorney for Debtor[s]:



Thomas H. Billingslea, Jr. Trustee

L. SCOTT KEEHN

**EXHIBIT B**