**SAMPSON & ASSOCIATES**
Bryan D. Sampson (#143143)
2139 First Avenue
San Diego, CA 92101
(619) 557-9420/Fax (619) 557-9425

Attorneys for Creditor BRADLEY PROULX

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SARA NEWSOME BURNS,<br><br>Debtor. | CASE NO. 99-00811-B13<br><br>**CREDITOR PROULX'S TRIAL BRIEF**<br><br>Date:  6/28/99<br>Time:  10:00 a.m.<br>Ctrm:  2<br>Hon. Louise DeCarl Adler |

Creditor BRADLEY PROULX hereby submits the following trial brief and index to exhibits in support of his objection to Debtor SARA NEWSOME BURNS' Chapter 13 Petition. In summary, Creditor PROULX claims Debtor BURNS does not qualify for Chapter 13 relief because her unsecured claims exceed the maximum allowable amount of $269,250 under 11 USC §109(e). A summary of her unsecured claims is attached. See Exhibit "1."

## FACTUAL BACKGROUND

Creditor PROULX (hereinafter "Creditor") was awarded judgment against Debtor BURNS (hereinafter "Debtor") on October 30, 1998. See Exhibit "2." The judgment expressly granted Creditor a portion of Debtor's *Qui Tam* settlement with the United States Government to Creditor. Subsequently, Creditor BURNS secured the Judgment with an Abstract of Judgment and a Secretary of State lien. See Exhibits "3" and "4." The liens were filed within 90 days of the date of Debtor's petition on January 25, 1999. See Court Records.

Unfortunately, Debtor refused to pay any monies whatsoever to Creditor. Moreover, during a post-judgment Debtor's examination, she acquired a sudden onset of amnesia which prevented her from remembering where any of her assets were located. <u>See</u> Exhibit "5." Meanwhile, the final payment from the United States Government to Debtor, which was scheduled to be paid in July 1999, was mysteriously accelerated to late December 1998.

Based upon Debtor's "amnesia" and refusal to obey the State Court Order, Creditor was forced to undertake numerous post-judgment actions to recover monies owed to it from October 30, 1998 through January 25, 1999, when Debtor filed a Chapter 13 Petition. The actions included, but were not limited to:

- Filing and serving liens in the Federal Court action (Exhibit "6");
- Bringing a Turnover Motion in Federal Court (Exhibit "7");
- Obtaining a Turnover Order (Exhibit "8");
- Filing an Assignment Motion (Exhibit "9");
- Obtaining a Restraining Order on *Qui Tam* monies (Exhibit "10");
- Filing an Objection to an Exemption Claim (Exhibit "11");
- Obtaining a Restraining Order on Rents (Exhibit "12"); and
- Incurring costs to investigate and locate Debtor's Assets (Exhibit "13 - end").

As a result of the foregoing, Creditor has incurred post-judgment costs totaling over $1,403.50. <u>See</u> Exhibit "1." Moreover, the costs were reasonably and necessarily incurred in post-judgment actions against Debtor BURNS based upon her incomplete testimony at her judgment debtor examination and her refusal to comply with State Court orders. Therefore, Creditor submits that Debtor does not qualify for Chapter 13 relief based upon the foregoing facts and following law.

## LEGAL ARGUMENT

1. **Jurisdictional Basis**.

This court has jurisdiction to determine whether Debtor qualifies to file for Chapter 13 relief, in the form of an evidentiary hearing, pursuant 28 U.S.C. §157(b)(1) Therefore, this matter is properly before this Court.

2.  **Burden of Proof.**

The party objecting to a proof of claim has the initial burden of overcoming the prima facie validity of the claim. If that burden is met, then the burden of persuasion switches back to the creditor to prove its claim by a preponderance of evidence. In re: Pacific Arts Pub., Inc., 198 B.R. 319 (Bkrtcy.C.D.Cal.1996).

3.  **Standard at Hearing**

The Eighth Circuit BAP held recently that when considering Chapter 13 eligibility, rather than making final determinations on disputed liabilities, it is appropriate for a court considering eligibility to rely primarily upon a debtor's schedules and proofs of claim, checking only to see if these documents were filed in good faith. In re: Barcal, 213 B.R. 1008, 1015 (1997). Furthermore, the court in In re: Berenato, in following the Barcal decision, explained that "it is only claims that are frivolous or could be proven to be contingent or unliquidated that should not be counted for Chapter 13 eligibility purposes." In re: Berenato, 226 B.R. 819, 823 (Bkrtcy.E.D.Pa.1998). Here, Creditor's claims have been made in good faith since they are expressly allowed to be claimed under C.C.P. §685.070. Thus, the only issue for the evidentiary hearing is whether Creditor's fee claims are made in good faith.

4.  **Debtor Burns Does Not Qualify for a Chapter 13.**

11 U.S.C. §109 defines who may be a debtor under Title 11. Pursuant to this code, a Chapter 13 debtor's total unsecured debt may not equal or exceed $269,250. If the debtor's total unsecured debts exceed this amount, then the debtor does not qualify for Chapter 13 relief. 11 U.S.C. §109(e).

The parties in this matter do not dispute the amount of most of the unsecured creditor claims. Further, they do not dispute that Creditor PROULX has a judgment which totals $231,462.61 or that the judgment accrues post-judgment interest of 10% per annum from October 30, 1998 to January 25, 1999 in the amount of $5,517.02. C.C.P. §685.010(a). Thus, of the following unsecured claims, the only dispute applicable to this evidentiary hearing involves the post-judgment costs to which Creditor is entitled to reasonably claim:

| Name | Amount | Disputed Status |
|---|---|---|
| Bradley Proulx | $ 238,383.13[1] | Disputed Costs |
| Elaine Heine | $ 1,583.89 | Undisputed |
| Francine Rubean | $ 250.00 | Undisputed |
| John Seitman | $ 3,757.90 | Undisputed |
| U.S. Department of Education | $ 22,077.90 | Undisputed |
| Visa Bankcard | $ 3,595.85 | Undisputed |
| Law Offices of John Appel | $ 800.00 | Withdrawn? |
| **TOTAL** | **$ 270,448.02** | |

Based upon the foregoing, Creditor has claimed reasonable and necessary post-judgment collection costs. Under C.C.P. §685.070, Creditor is entitled to claim these costs, including costs for Secretary of State filing fees($20), post-judgment law and motion fees ($92), Writ of Execution fees ($14), San Diego County Marshal fees ($56), investigator fees ($425), court reporter fees ($450), County Recorder fees ($18.50), and process server fees ($328). See Exhibit "1." Thus, Debtor does not qualify for Chapter 13 relief.

### CONCLUSION

Based upon the foregoing, Creditor respectfully requests this court determine he has a legitimate, proper claim and, therefore Debtor does not qualify for a Chapter 13 bankruptcy.

DATED: June 24, 1999

SAMPSON & ASSOCIATES

By: _____
Bryan D. Sampson
Attorney for Judgment Creditor
BRADLEY PROULX

---

[1] Exhibit "1" summarizes Creditor's costs claims.