1 | **SAMPSON & ASSOCIATES**
Bryan D. Sampson (#143143)
2 | 2139 First Avenue
San Diego, CA 92101
3 | (619) 557-9420/Fax (619) 557-9425

4 | Attorneys for Creditor BRADLEY PROULX

```
                                    FILED
                                    ENTERED
                                    LODGED
                                    RECEIVED

                                JUN 24 1999

                        CLERK, U.S. BANKRUPTCY COURT
                        SOUTHERN DISTRICT OF CALIFORNIA
                        BY                      DEPUTY
```

8 |              **UNITED STATES BANKRUPTCY COURT**

9 |              **SOUTHERN DISTRICT OF CALIFORNIA**

| In re: | ) | CASE NO. 99-00811-B13 |
|---|---|---|
| SARA NEWSOME BURNS, | ) | **CREDITOR'S INDEX TO EXHIBITS** |
| Debtor. | ) ) ) | Date:      6/28/99<br>Time:      10:00 a.m.<br>Ctrm:      2<br>Hon. Louise DeCarl Adler |

Creditor BRADLEY PROULX hereby submits the following index to Exhibits in Support of his objection to Debtor SARA NEWSOME BURNS' Chapter 13 Petition.

| **Exhibit** | **Description** |
|---|---|
| "1" | Post-Judgment Costs Summary |
| "2" | Judgment |
| "3" | Abstract of Judgment |
| "4" | Secretary of State Personal Property Lien |
| "5" | Transcript from Debtor's post-judgment examination. |
| "6" | Lien on the Federal Court action. |
| "7" | Turnover Motion in Federal Court. |
| "8" | Turnover Order. |
| "9" | Assignment Motion. |
| "10" | Restraining Order on *Qui Tam* monies. |

1  "11"        Objection to Exemption Claim.

2  "12"        Restraining Order on Rents.

3  "13"        Secretary of State Lien

4  "14"        Post-Judgment Motion Fees

5  "15"        Writ of Execution Fees

6  "16"        Marshal Fees

7  "17"        Investigator Fees

8  "18"        Court Reporter Fees

9  "19"        County Recorder Fees

10 "20"        Process Server Fees

11 DATED: June 24, 1999                          **SAMPSON & ASSOCIATES**

12                                  By: _____

13                                      Bryan D. Sampson
                                        Attorney for Judgment Creditor
14                                      BRADLEY PROULX

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "2"

1

2

3          F  I  L  E  D
           KENNETH E. MARTONE
           Clerk of the Superior Court

4          OCT 3 0 1998
           MC ep

5

6

7          SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              FOR THE COUNTY OF SAN DIEGO

9

10   BRADLEY PROULX,              )    CASE NO.   711064
                                  )
11             Plaintiff,         )    JUDGMENT
                                  )    The foregoing instrument is a full, true and correct
12   v.                           )    copy of the original on file in this office.
                                  )
13   SARA NEWSOME BURNS,          )    Attest: __JAN 1 3 1999____
                                  )    KENNETH E. MARTONE
14             Defendant.         )    Clerk of the Superior Court of the State of California,
   _____ )    in and for the County of San Diego.

15

16                                          By _____ Deputy

17        This cause came on for hearing on June 15, 1998, in

18   Department M-25 of the above-entitled court, the Honorable

19   Timothy W. Tower, Judge, presiding.  Plaintiff appeared by his

20   attorney T. Michael Reed, and defendant appeared by her

21   attorneys David Tiffany and Randy Grossman.

22        Jury was waived.  Witnesses on the part of both plaintiffs

23   and defendants were sworn and examined.  After hearing the

24   evidence and the arguments of counsel, the court subsequently

25   rendered a Statement of Decision as follows:  See Statement of

26   Decision attached as Exhibit 1.

27        WHEREFORE, by virtue of law, and by reason of the premises

28   aforesaid, it is ordered, adjudged, and decreed that plaintiff

1  BRADLEY PROULX has and recovers from defendant the sums as

2  follows:

3      One-third of $580,000.00 or $193,333.33 to be paid pro rata

4  as the government pays defendant, plus $22,267.50 together with

5  interest thereon from July 29, 1991 to the present at the rate

6  of 10% per annum, without compounding, in the amount of

7  $15,861.78.

8      Interest, costs and disbursements are to be determined.

9      WITNESS, the Honorable Timothy W. Tower, Judge of this

10 Court, and my hand and seal of this Court, this ___30TH___ day of

11 _October_ ~~September~~, 1998.

12

13

14                              _Timothy W. Tower_
                               _____
                               HONORABLE TIMOTHY W. TOWER
15                              Sitting as Judge of the Superior
                               Court

16

17 Approved as to form:

18

19 _____
   Attorneys for Defendant
20

21

22

23

24

25

26

27

28

EXHIBIT ___"3"___

PLEASE COMPLETE THIS INFORMATION.

RECORDING REQUESTED BY:

T. Michael Reed Esg.
Casey, Gerry Reed & Schenk

AND WHEN RECORDED MAIL TO:

Casey Gerry Reed 2 Schenk
110 Laurel St.
San Diego, CA
92101

DOC # 1998-0725547

545   NOV 06. 1998 12:15 PM

OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:       13.50
NOTICES:    1

THIS SPACE FOR RI

1998-0725547

Abstract of Judgment
(Please fill in document title(s) on the this line)

**THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
(Additional recording fee applies)

Re. Lorm #R25 (7/3/97)

546

982(a)(1)

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address):

[X] Recording requested by and return to:
T. Michael Reed, Esq.
CASEY, GERRY, REED & SCHENK
110 Laurel Street
San Diego, CA 92101

TELEPHONE NO.: (619)238-1811

FOR RECORDER'S USE ONLY

[X] ATTORNEY FOR    [X] JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD

NAME OF COURT: SUPERIOR COURT OF CALIFORNIA
STREET ADDRESS: County of San Diego, Central Branch
MAILING ADDRESS: 220 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME:

PLAINTIFF: BRADLEY PROULX

DEFENDANT: SARA NEWSOME BURNS, et al.

CASE NUMBER: 711064

## ABSTRACT OF JUDGMENT

FOR COURT USE ONLY

1. The [X] judgment creditor [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's

   Name and last known address
   ┌─────────────────────────────┐
   Sara Newsome Burns
   4621 Kensington Drive
   San Diego, CA 92116
   └─────────────────────────────┘

   b. Driver's license No. and state:                    PER R.Bond
                                              by LAW
                                            [X] Unknown
   c. Social Security No.: 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          [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or
      mailed to (name and address): SEE ABOVE-PER R.BOND
                                    by AM

   e. [ ] Additional judgment debtors are shown on reverse.
   Date: November 4, 1998

   T. MICHAEL REED
   (TYPE OR PRINT NAME)                    ▶            (SIGNATURE OF APPLICANT OR ATTORNEY)

2. a. [X] I certify that the following is a true and correct abstract    6. Total amount of judgment as entered or last renewed:
      of the judgment entered in this action.                               $ 231,462.61
   b. [ ] A certified copy of the judgment is attached.                  7. [ ] An [ ] execution [ ] attachment lien
3. Judgment creditor (name): Bradley Proulx                                 is endorsed on the judgment as follows:
                                                                           a. Amount: $
   whose address appears on this form above the court's name.             b. In favor of (name and address):
4. Judgment debtor (full name as it appears in judgment):
   SARA NEWSOME BURNS

[SEAL]                          5. a. Judgment entered on           8. A stay of enforcement has
                                      (date): Oct. 30, 1998            a. [X] not been ordered by the court.
                                   b. Renewal entered on              b. [ ] been ordered by the court effective until
                                      (date):                            (date):
                                   c. Renewal entered on           9. [ ] This judgment is an installment judgment.
                                      (date):

                                   ┌──────────────────────────┐
                                   This abstract issued on
                                   (date): NOV 0 6 1998
                                   └──────────────────────────┘
                                                                  Clerk, by _____, Deputy
                                                                            LEE ANN MCALISTER

Form Adopted by Rule 982
Judicial Council of California
982(a)(1) (Rev. January 1, 1991)

## ABSTRACT OF JUDGMENT
(CIVIL)

Code of Civil Procedure, §§ 488.480,
674,700.190

EXHIBIT _____ "4"

STATE OF CALIFORNIA

<u>MAIL TO:</u>
Secretary of State
P.O. Box 942835
Sacramento, CA 94235-0001

NOTICE OF JUDGMENT LIEN ON PERSONAL PROPERTY
(FOR ___ NG IN THE OFFICE OF THE SECRETARY OF ___ TE)
IMPORTAN __ - Read instructions on back before completing this form
REFERENCE: CODE OF CIVIL PROCEDURE SECTIONS 697.510, 697.550 AND 697.570

1. JUDGMENT DEBTOR (LAST NAME FIRST, IF AN INDIVIDUAL)

   BURNS, SARA NEWSOME

| 1A. MAILING ADDRESS OF JUDGMENT DEBTOR | 1B. CITY, STATE | 1C. ZIP CODE |
|---|---|---|
| 4621 KENSINGTON DRIVE | SAN DIEGO, CA | 92116 |

2. ADDITIONAL JUDGMENT DEBTOR (IF ANY) (LAST NAME FIRST, IF AN INDIVIDUAL)

| 2A. MAILING ADDRESS OF ADDITIONAL JUDGMENT DEBTOR | 2B. CITY, STATE | 2C. ZIP CODE |
|---|---|---|
|  |  |  |

3. JUDGMENT CREDITOR

   NAME: **BRADLEY PROULX, C/O SAMPSON & ASSOCIATES**
   MAILING ADDRESS: **2139 FIRST AVENUE**
   CITY: **SAN DIEGO**   STATE: **CALIFORNIA**   ZIP CODE: **92101**

4. ALL PROPERTY SUBJECT TO ENFORCEMENT OF A MONEY JUDGMENT AGAINST THE JUDGMENT DEBTOR TO WHICH A JUDGMENT LIEN ON PERSONAL PROPERTY MAY ATTACH UNDER SECTION 697.530 OF THE CODE OF CIVIL PROCEDURE IS SUBJECT TO THIS JUDGMENT LIEN.

   A. Title of court where judgment was entered: __SUPERIOR COURT OF CALIFORNIA__

      COUNTY OF SAN DIEGO

   B. Title of the action: __BRADLEY PROULX V. SARA NEWSOME BURNS__

   C. Number of the action: __711064__

   D. Date judgment was entered: __OCTOBER 30, 1998__

   E. Dates of subsequent renewals of judgment (if any): _____ ; _____

   F. Amount required to satisfy judgment at date of this notice: __$231,462.61__

   G. Date of this notice: __January 31, 1999__

5. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Dated: __January 31__, 19 __99__   (If not indicated, the date of declaration is the same as date in Item 4G)

   _____ (SIGNATURE OF PERSON NO. 5)

   SAMPSON & ASSOCIATES
   BY: BRYAN D. SAMPSON, ESQ.
   FOR: __JUDGMENT CREDITOR__

6. THIS SPACE FOR USE OF FILING OFFICER (DATE, TIME OF FILING AND FILE NUMBER)

7. **RETURN COPY TO**

   NAME  BRYAN D. SAMPSON, ESQ.
   ADDRESS  SAMPSON & ASSOCIATES
   CITY  2139 FIRST AVENUE
   STATE  SAN DIEGO, CA  92101
   ZIP CODE

   **FILING FEE $20.00**

   NOTICE OF JUDGMENT LIEN - FORM J-1 (7/83)
   PRESCRIBED BY THE SECRETARY OF STATE

Forms Inc. • P.O. Box 1109 • La Jolla, CA 92038 • 800/854-1080 • Form 9J1

EXHIBIT _____ "5"

SA.   JEWSOME BURNS        (11-20-98)                    (4)

---

### Page 13

(1)   A. It's in Urbana, Illinois.
(2)   Q. Do you know what street?
(3)   A. Nope.
(4)   Q. When was that account established?
(5)   A. This week.
(6)   Q. Why?
(7)   A. Because I was – I had had my mail gone
(8)   through, and I did not want to leave the account that I
(9)   had opened, so I put it in that bank.
(10)  Q. What account did you have open that you
(11)  didn't want to leave open?
(12)  A. In Vanguard.
(13)  Q. Vanguard. Do you still have a Vanguard
(14)  account?
(15)  A. I have a Windsor account.
(16)  Q. So you have money investigated in Windsor?
(17)  A. Um-hum.
(18)  Q. Is it Windsor 1 or 2?
(19)  A. I believe it's Windsor – I'm not sure.
(20)  Q. Okay. When – how much is in that account?
(21)  A. I think around 2500.
(22)  Q. How much – did you move some of that to the
(23)  Urbana, Illinois, bank?
(24)  A. No.
(25)  Q. What is in the Urbana, Illinois, bank?
(26)  A. What do you mean 'what's in there'?
(27)  Q. Well, how much money's in it or what's in it?
(28)  A. I'd say at this point around $900.

### Page 14

(1)   Q. What kind of account is it?
(2)   A. Checking.
(3)   Q. Who is in Urbana, Illinois?
(4)   A. My father.
(5)   Q. Okay. Did he set the account up for you?
(6)   A. Yes.
(7)   Q. And what's his name and address?
(8)   A. Jack Newsome, N-e-w-s-o-m-e.
(9)   Q. Address?
(10)  A. He lives on Barringer Circle.
(11)  Q. In Urbana?
(12)  A. Um-hum.
(13)  Q. Do you know his telephone number?
(14)  A. I don't know it offhand.
(15)  MR. LAWTON:  And I don't think that's really
(16)  relevant.
(17)  BY MR. REED:
(18)  Q. Is he holding any money for you?
(19)  A. No, he isn't.
(20)  Q. Is anyone holding any money for you other
(21)  than financial institutions or banks?
(22)  A. No.
(23)  Q. Now, you've got a Washington mutual account
(24)  on Garnet that you believe is overdrawn at present. You
(25)  have an Illinois – and you don't know what bank it's in.
(26)  Have you received any bank statements at all?
(27)  A. No.
(28)  Q. What was used – what did you use to open the

### Page 15

(1)   account?
(2)   A. The Vanguard money market got shifted over to
(3)   that state after my mail had been tampered with.
(4)   Q. What made you think your mail was tampered
(5)   with?
(6)   A. Because ironically, my attorney's mail and
(7)   financial statements were ripped open.
(8)   Q. Where –
(9)   A. I suspect it's from your client.
(10)  Q. You mean out of the mailbox?
(11)  A. Yes.
(12)  Q. Do you have any reason to believe it's my
(13)  client other than the fact that you think it is?
(14)  A. Yes. I feel like who else would be
(15)  interested in my attorney's correspondence to me along
(16)  with financial information. Nobody else cares.
(17)  Q. Do you think I did it?
(18)  A. I think your client did it.
(19)  Q. Okay. So you had – let me straighten this
(20)  out then. So you've got that Illinois account and you
(21)  have a Vanguard account presently?
(22)  A. The Windsor.
(23)  Q. The Windsor account. Vanguard's a series of
(24)  funds and Windsor's one fund. You're telling me you have
(25)  a Windsor account in the Vanguard system; is that right?
(26)  A. That's right.
(27)  Q. And no other accounts in the Vanguard system
(28)  or no other mutual accounts?

### Page 16

(1)   A. No.
(2)   Q. Do you have a brokerage account of any kind?
(3)   A. No.
(4)   Q. Do you have any stocks, bonds, other than the
(5)   Windsor?
(6)   A. No.
(7)   Q. And you sent the money market fund from the
(8)   Vanguard funds to Urbana, and that was about $900?
(9)   A. There – I made payments this week because I
(10)  am filing for bankruptcy, and I paid all my past debtors
(11)  off including the IRS.
(12)  Q. Did you owe the IRS something?
(13)  A. Yes.
(14)  Q. What did you pay the IRS?
(15)  A. 70-.
(16)  Q. Seventy what?
(17)  A. Thousand.
(18)  Q. When?
(19)  A. This week.
(20)  Q. Do you have a bankruptcy attorney?
(21)  A. Yes.
(22)  Q. Who's that?
(23)  A. Scott Kehn.
(24)  Q. Can you spell the last name?
(25)  A. K-e-h-n.
(26)  Q. Okay. Other than those three accounts, the
(27)  Washington Mutual, Illinois, and Vanguard accounts, do you
(28)  have any other accounts, any kind of savings institution,

---

## Page 17

(1) cans in your backyard? Do you have any other monies saved
(2) or put away in any sense?
(3) A. No.
(4) Q. Okay. Do you have any cash at home?
(5) A. No.
(6) Q. I take it you haven't got any cash on you?
(7) A. No.
(8) Q. Do you have a power of attorney to sign
(9) checks or anything else from anyone?
(10) A. My – we – I don't have power of attorney.
(11) My father and I have been in the process of setting up a
(12) trust before this got out of hand.
(13) Q. Tell me about this trust. Did it ever get
(14) set up?
(15) A. No.
(16) Q. What was the purpose of it?
(17) A. I'm disabled and I was concerned that if I
(18) got in a position where I couldn't take care of my
(19) matters, someone needed to.
(20) Q. Does your disability have anything to do with
(21) your mental acuity?
(22) MR. LAWTON: Counsel, I'm not sure what that
(23) has to do with –
(24) THE WITNESS: What's that have to do with my
(25) debts?
(26) BY MR. REED:
(27) Q. Has to do with what you're telling me. You
(28) were setting up a trust because you were concerned about

## Page 18

(1) not being able to take care of yourself.
(2) A. I think that was a very attacking statement,
(3) and I'm not going to answer it.
(4) Q. That's fine. It wasn't meant to be
(5) attacking.
(6) A. It was attacking.
(7) Q. Well, I'm sorry you took it that way, but I'm
(8) not going to argue with you about it. I just want to know
(9) if you have any indication that you're going to have to be
(10) taken care of so that's why this trust was being set up.
(11) Would you answer the question, please.
(12) A. I'm sorry. What's your question?
(13) Q. Do you have any indication that you're going
(14) to be – that someone is going to need to take care of you
(15) in the near future because of your disabilities, whatever
(16) they are?
(17) A. My disabilities have taken me by surprise
(18) many times in my life, and I have had to learn that I just
(19) need to prepare for those times.
(20) Q. Okay. Do you own a boat?
(21) A. No.
(22) Q. Do you own an automobile?
(23) A. I'm making payments on one.
(24) Q. Is that the 1993 Celica?
(25) A. No. Oh, yes, it is.
(26) Q. Do you have another automobile besides the
(27) 1993 Celica?
(28) A. No.

## Page 19

(1) Q. And you purchased that this month, November
(2) '99 – '98.
(3) A. I think it was in October.
(4) Q. What did you pay for that?
(5) A. Well, I put my car down for a payment, down
(6) payment, and there's like 10,000 owing on it.
(7) Q. And to whom is that owed?
(8) A. To Western Family.
(9) Q. That's a mortgage company of some kind?
(10) A. Um-hum.
(11) Q. Yes?
(12) A. Yes.
(13) Q. Do you have any interest in Western Family?
(14) A. No.
(15) Q. Do you know why their name isn't on as a
(16) legal owner, why they haven't put on legal ownership of
(17) papers to the DMV?
(18) A. No.
(19) MR. LAWTON: Lacks foundation, call for
(20) speculation.
(21) BY MR. REED:
(22) Q. Do you know whether you are listed as the
(23) legal owner of that automobile at the DMV?
(24) A. Well, I think my name would be somewhere on
(25) the DMV's stuff.
(26) Q. As a registered owner, what about the legal
(27) owner? Who's the legal owner?
(28) A. I assume I am.

## Page 20

(1) Q. And do you know whether Western Family has
(2) listed itself or has any interest registered with the DMV?
(3) A. I don't know.
(4) Q. When did you borrow the 10,000 against the
(5) car?
(6) A. I don't know.
(7) Q. What is security for the 10,000?
(8) A. The car, isn't it?
(9) Q. Well, that's what I'm asking you.
(10) MR. LAWTON: Yeah. I assume it's the
(11) vehicle.
(12) BY MR. REED:
(13) Q. In order to have a security interest in a
(14) vehicle under the laws of the State of California, you
(15) have to have – you have to be protected by filing with
(16) the DMV, and you don't know whether Western Financial did
(17) that?
(18) MR. LAWTON: Asked and answered. Don't
(19) answer that.
(20) BY MR. REED:
(21) Q. Who do you deal with at Western Family?
(22) A. No one directly.
(23) Q. Is there anybody there who – can you recall
(24) the name of the person you dealt with with respect to your
(25) car?
(26) A. No.
(27) Q. You just called up and said "I need a loan"?
(28) A. Pretty much, yeah.

SARA NEWSOME BURNS     (    )-98)

## Page 25

(1) that FPA has filed for bankruptcy, and there is an issue
(2) that the final installment of that may not be received.
(3)    Q. Did you make any effort -- did you or anybody
(4) on your behalf such as your attorneys ask a United States
(5) attorney or the government to expedite your payment of
(6) that last money?
(7)    A. We -- I -- the U.S. attorney is looking into
(8) that matter, and I have not --
(9)    Q. Who --
(10)    A. Jan Appel is my attorney handling that.
(11)    Q. Where did you meet with Jan Appel?
(12)    A. His office, on the phone.
(13)    Q. Okay. Do you know where he lives?
(14)    A. Why would I know where he lives?
(15)    Q. Do you know where he lives?
(16)    A. No.
(17)    Q. All right. The money that you get from the
(18) government goes to him, and then he distributes it to you?
(19)    A. (Witness nods head).
(20)    Q. Yes?
(21)    A. Yes.
(22)    Q. Does he take a fee out of that?
(23)    A. Yes.
(24)    Q. How much does he take out of it?
(25)    MR. LAWTON: Counsel, I think that's
(26) privileged. I don't think you're entitled to inquire into
(27) the fee arrangements Miss Burns has with her lawyer.
(28)    MR. REED: I'll withdraw it.

## Page 26

(1)    BY MR. REED:
(2)    Q. With respect to your -- the amount that you
(3) get, how much have you actually received from the
(4) government?
(5)    A. Somewhere around 400-. In between 400- and
(6) 450,000.
(7)    Q. Okay. And what -- that's over the period of
(8) beginning when, 1996?
(9)    A. Um-hum.
(10)    Q. So, over the last two years, you received
(11) somewhere between 400- and 450,000, correct?
(12)    A. Yeah.
(13)    Q. All right. What's happened to that money?
(14) Where is it?
(15)    A. It's gone. I've had a lot of debts to take
(16) care of.
(17)    Q. Tell me all the debts that you've paid with
(18) that money.
(19)    A. I will do the best I can to tell you the
(20) debts I paid. I don't have anything in front of me. Most
(21) of it has gone to attorneys and to the IRS.
(22)    Q. How much went to the attorneys?
(23)    MR. LAWTON: Well, Counsel, once again I'm
(24) not sure whether you're entitled to inquire into her fee
(25) arrangements with her lawyers.
(26)    MR. REED: I'm not inquiring about the fee
(27) arrangement. I'm looking for where the assets went. They
(28) went to attorneys. I just want to know how much went

## Page 27

(1) there.
(2)    MR. LAWTON: I don't think you're entitled to
(3) ask that. I think that's -- I think that is privileged,
(4) and if you think I'm mistaken, we can talk about it but --
(5)    MR. REED: We'll go inside and ask the judge
(6) in a moment.
(7)    BY MR. REED:
(8)    Q. Do you owe anybody any money presently?
(9)    A. You mean personal people or --
(10)    Q. Do you owe anybody any money personally?
(11)    A. Sure.
(12)    Q. Okay, other than -- you've indicated two
(13) trust deeds against your house and you believe that
(14) there's a debt against your automobile. Other than those
(15) three things, do you owe anybody any money?
(16)    A. I have a student loan.
(17)    Q. How much is owed?
(18)    A. Around $10,000 at this point.
(19)    Q. Okay. Anything else?
(20)    A. I have I -- there's like utility bills and
(21) things like that.
(22)    Q. I'm looking for outstanding debts, not just
(23) your monthly living expenses. Can't think of any others?
(24)    A. Not off the top of my head. That doesn't
(25) mean I don't have any. I just don't know of any.
(26)    Q. You paid the IRS, you said, $70,000 just last
(27) week. Where did that money come from?
(28)    A. The account in Illinois.

## Page 28

(1)    Q. That you put $900 in?
(2)    A. No. The money --
(3)    MR. LAWTON: I don't think she testified she
(4) put $900 in it, Counsel. I think her testimony was to the
(5) effect that the balance today is $900.
(6)    BY MR. REED:
(7)    Q. How much did you put into the account in
(8) Illinois? I think that's what I asked.
(9)    A. I think it was around 130,000.
(10)    Q. And where did that come from?
(11)    A. The Vanguard money market.
(12)    Q. All right. So the total amount that you put
(13) into this -- I asked you if you transferred any funds.
(14)    A. I think I was real up front with you that I
(15) did that. I wasn't trying to hide anything.
(16)    Q. I didn't accuse you of it.
(17)    A. Sounds like you are.
(18)    MR. LAWTON: Well, let's have -- I don't
(19) think there's a question pending, so let's have a
(20) question.
(21)    BY MR. REED:
(22)    Q. The question is did you -- is the total
(23) amount of money that you moved into this Illinois account
(24) about $130,000 up to date?
(25)    A. That was the amount, and then I paid off my
(26) taxes.
(27)    Q. That was about 70,000?
(28)    A. For the debts, yes.

SA    EWSOME BURNS    (11-20-98)

## Page 29

(1) Q. What other funds did you pay out of that
(2) account?
(3) A. I had property taxes.
(4) Q. For the property you own on Kensington?
(5) A. Yes.
(6) Q. Anything else?
(7) A. State taxes.
(8) Q. How much were the property taxes?
(9) A. Over 2,000.
(10) Q. Did you prepay them or that's what was owed?
(11) A. Well, it is owing. And yes, I did because I
(12) want to make sure that my taxes are kept current.
(13) Q. Okay. And your state tax, what was that?
(14) A. 16-.
(15) Q. All right. That totals about 88,000 of the
(16) 130,000. Where'd the rest of it go?
(17) A. I had a student loan, a portion to pay off.
(18) Q. How much did you pay off of that?
(19) A. About 30-. Excuse me. 13-.
(20) Q. And who did you pay that to?
(21) A. The U.S. Department of Education.
(22) Q. Did you write a check to the U.S. Department
(23) of Education?
(24) A. Yes.
(25) Q. Any others paid out of that?
(26) A. Various attorneys.
(27) Q. Now, other than those sums, what other
(28) amounts of the 400- to 450,000 that you've been paid have

## Page 30

(1) been paid to taxes?
(2) A. I don't have those figures right offhand.
(3) Q. Who does your taxes?
(4) A. Roy Hosaka.
(5) Q. Spell the last name.
(6) A. H-o-s-a-k-a.
(7) Q. Where is he located?
(8) A. In San Diego.
(9) Q. Where?
(10) A. Mission Valley.
(11) Q. Do you have an address?
(12) A. No, not offhand.
(13) Q. Is he a – with a firm or is he on his own?
(14) A. I think he's on his own.
(15) Q. Do you know the name of his company?
(16) A. No.
(17) Q. Is he a CPA?
(18) A. Yes.
(19) Q. Does he have an office in Mission Valley?
(20) A. Yes.
(21) Q. Ever been to it?
(22) A. Yes.
(23) Q. Does it have his name on it?
(24) MR. LAWTON: Counsel, I'm not sure what the
(25) relevance of this is.
(26) MR. REED: Well, it's to further –
(27) A. I'm sure you can find his name in the phone
(28) book.

## Page 31

(1) MR. REED: To pursue money.
(2) BY MR. REED:
(3) Q. When did you get the refinance, Bank of
(4) America refinance?
(5) A. This summer.
(6) Q. Sometime in August/September of '98?
(7) A. I started it in February of this year.
(8) Q. Okay.
(9) A. And it took me until like June, July.
(10) Q. Why did you refinance it?
(11) A. Because the payments were too high.
(12) Q. And when you refinanced it, did you have to
(13) fill out a loan application?
(14) A. Of course, I did.
(15) Q. Did you list all your assets on that?
(16) A. I believe I did, yeah.
(17) Q. Do you remember what your application said
(18) your assets were?
(19) A. No.
(20) Q. Are there any of those other than what we've
(21) already talked about that were listed on there that you
(22) haven't mentioned to me?
(23) A. I don't recall what I listed at that time.
(24) Q. Okay. Other than the money that you've
(25) indicated was spent for IRS, property tax, state tax,
(26) student loan, and ordinary living expenses, have you spent
(27) any money or given any gifts in the last year?
(28) MR. LAWTON: You mean outside of ordinary

## Page 32

(1) gifts like a birthday present to a family member?
(2) BY MR. REED:
(3) Q. Well, let's put it this way: Have you given
(4) any money to anybody in excess of $10,000?
(5) A. No.
(6) Q. Have you made any gifts to anybody in excess
(7) of $5,000 in the last year?
(8) A. No.
(9) Q. Does anybody holding any money for you?
(10) A. No. Other than the judgment that's presently
(11) against you, do you have any other debts?
(12) MR. LAWTON: Other than the ones she's
(13) already testified about.
(14) BY MR. REED:
(15) Q. Other than what we've already testified
(16) about, the mortgages and everything?
(17) A. I don't recall at this point. I – I don't
(18) have it in front of me. There may be.
(19) Q. And your filing bankruptcy, is it?
(20) A. Yes.
(21) Q. When are you going to file that?
(22) A. I'm not sure.
(23) Q. So basically whatever assets you do have will
(24) go to your sole debtor, that would be Mr. Proulx?
(25) A. I don't think he's the only one I have a debt
(26) to. I have a student loan.
(27) MR. LAWTON: And the question, Counsel,
(28) really calls for a legal conclusion. She's not a lawyer.

SARA NEWSOME BURNS        (11-20-98)

## Page 33

(1)   BY MR. REED:
(2)   Q. Have you ever filed bankruptcy before?
(3)   A. No.
(4)   Q. Okay. Have you made any assignments for
(5)   benefit of creditors or anything of that nature in the
(6)   last year?
(7)   A. No.
(8)   Q. Does the state or any other government entity
(9)   owe you any money?
(10)  A. No.
(11)  Q. You don't have any tax returns coming?
(12)  A. Just the Qui Tam, what's coming out of the
(13)  Qui Tam, if any.
(14)  Q. Do you have anything -- do you have any tax
(15)  refund, anything like that applied for or expected?
(16)  A. I have no idea.
(17)  Q. Would that be Mr. Hosaka who'd know that?
(18)  A. Well, yeah, if I go back to him for next
(19)  year's taxes.
(20)  Q. What are your average monthly expenses?
(21)  A. I have no idea.
(22)  Q. Who pays them?
(23)  A. I pay them.
(24)  Q. Well, give me a rough estimate then. I don't
(25)  need to get them all itemized. I just need a rough idea
(26)  of how much you spend monthly.
(27)  A. I would say somewhere around 3- to 4,000 a
(28)  month.

## Page 34

(1)   Q. And that includes your mortgage payments,
(2)   payments on your car?
(3)   A. (Witness nods head).
(4)   Q. Yes?
(5)   A. Yes.
(6)   Q. What is the payment on your car?
(7)   A. I believe it's around $200.
(8)   Q. Who do you make that to?
(9)   A. Western Family.
(10)  Q. Have you made the first payment yet?
(11)  A. Yes.
(12)  Q. Okay. What account -- did you pay them by
(13)  check?
(14)  A. Yes, I did.
(15)  Q. What account did you draw that check from?
(16)  A. The Washington Mutual.
(17)  Q. At Garnet?
(18)  A. Um-hum.
(19)  Q. Yes?
(20)  A. Yes.
(21)  Q. Okay. The mortgage payment to B of A, how
(22)  much is that?
(23)  A. $950 approximately.
(24)  Q. And the second trust to Western Family, how
(25)  much is that a month?
(26)  A. It's -- 180 is the amount.
(27)  Q. A month?
(28)  A. Um-hum.

## Page 35

(1)   Q. Have you furnished any loan application or
(2)   financial statement to anyone other than the Bank of
(3)   America in the last two years?
(4)   A. No.
(5)   Q. Did you have to give one to Western Family?
(6)   A. Oh, yes, I did.
(7)   Q. Other than those two, have you done anything
(8)   like that?
(9)   A. Not that I'm aware of at this point.
(10)  Q. Okay. Are you -- do you have any assets that
(11)  we haven't mentioned so far?
(12)  A. No.
(13)  Q. Okay. Let's go back to the moment -- to
(14)  where this money went. Other than the taxes that you've
(15)  talked about, give me the best estimate that you can of
(16)  the total amount of taxes you've paid out of the $450,000
(17)  that you've received?
(18)  MR. LAWTON: Can you ballpark?
(19)  A. For the Federal, I would say around 160,000.
(20)  BY MR. REED:
(21)  Q. And for the state?
(22)  A. I want to say around 40-.
(23)  Q. All right. Now, apart from attorneys' fees
(24)  which we'll get to in a moment, were there any other
(25)  amounts over $5,000 that you've spent of that money, any
(26)  other payments that you've made to anyone over $5,000 out
(27)  of that money, out of the $450,000?
(28)  A. Of over $5,000?

## Page 36

(1)   Q. Right.
(2)   A. Well, I refinanced my house. That cost. And
(3)   then when I purchased the house, that cost.
(4)   Q. So you took money out of this money to
(5)   purchase the house?
(6)   A. Of course I did.
(7)   Q. And how much did you put down then?
(8)   A. I don't know how much it cost to refinance.
(9)   I'd have to look at that.
(10)  Q. All right. The down payment?
(11)  A. Oh, the down payment, I went to say
(12)  between -- around 35- or 40-.
(13)  MR. LAWTON: Counsel, I thought we were going
(14)  to be here a half hour.
(15)  MR. REED: I did too.
(16)  MR. LAWTON: Do you have an estimate how much
(17)  longer this is going to take?
(18)  MR. REED: No, not long. Almost done.
(19)  BY MR. REED:
(20)  Q. Okay. As I see it, we're still about -- you
(21)  know, looking at a couple hundred thousand dollars that we
(22)  haven't been able to find out of the 400- to 450,000?
(23)  A. I don't have --
(24)  Q. In terms of this examination, it's not saying
(25)  you're hiding anything. Can you tell me where it is?
(26)  MR. LAWTON: I'm going to object to that
(27)  characterization. I don't think it's consistent with her
(28)  testimony, so I think the characterization is incorrect.

**Page 37**

(1) BY MR. REED:
(2) Q. All right. Other than the monies that we've
(3) talked about, can you tell me where the other couple
(4) hundred thousand went?
(5) A. Attorneys.
(6) Q. Okay. So have you paid attorneys almost a
(7) couple hundred thousand total?
(8) A. I have paid over a hundred thousand in
(9) attorney fees.
(10) Q. Over and above the 200,000 that was paid by
(11) the government to the attorneys?
(12) A. That's correct.
(13) Q. Okay. Now, you have an expectation of
(14) getting money from the federal government at some point?
(15) A. I don't have any expectation on anything in
(16) my life anymore.
(17) Q. There is a debt -- or there is a potential
(18) that you will get another payment from the federal
(19) government; is that correct?
(20) A. Potential.
(21) Q. Yes. And that would be paid through Jan
(22) Appel?
(23) A. Yes.
(24) Q. And what efforts have you made to get that
(25) money paid sooner than it's due date, normal due date?
(26) MR. LAWTON: I'm going to -- I don't -- I'm
(27) going to object to this question on the grounds it may
(28) seek to invade the attorney/client privilege.

**Page 38**

(1) Do you understand the privilege? He's not
(2) allowed to ask you questions about stuff you told
(3) Mr. Appel to do or stuff he told you he was going to do;
(4) so, if you think you can answer the question without going
(5) into that, fine, but if in order to answer the question
(6) you would have to talk about communications between you
(7) and Mr. Appel, you don't have to answer, and I'll instruct
(8) you not to answer.
(9) A. Okay. I don't want to answer that because I
(10) do feel that it is violating my --
(11) MR. LAWTON: The privilege.
(12) THE WITNESS: Yes.
(13) BY MR. REED:
(14) Q. Now, you have a due date. There's a date in
(15) the judgment over in federal court that indicates when
(16) this payment is supposed to be paid by, correct?
(17) A. Right.
(18) Q. And this is when?
(19) A. It's in July.
(20) Q. July 8th?
(21) A. That's the -- somewhere around -- in July,
(22) 30 days upon their receipt.
(23) Q. Okay.
(24) A. Of the payment of July that they make.
(25) Q. Okay. So, if FPA pays the government some
(26) kind of payment, then you're supposed to get your last
(27) payment in July, within 30 days of their payment?
(28) A. Right.

**Page 39**

(1) Q. And you have made some effort by talking to
(2) the U.S. attorney or having the U.S. attorney talk to see
(3) if you can get that money advanced. Just assuming that's
(4) true, why have you done that?
(5) MR. LAWTON: I'm going to admonish the
(6) witness again, if to answer this question you would have
(7) to talk about communications that you had with Mr. Appel,
(8) that's protected by the privilege, and you don't have to
(9) answer the question.
(10) BY MR. REED:
(11) Q. I'm just looking for your state of mind. Why
(12) have you tried to get the money advanced?
(13) MR. LAWTON: Assumes facts not in evidence.
(14) A. You're assuming things and there really -- I
(15) don't really want to discuss what I discussed with
(16) Mr. Appel.
(17) BY MR. REED:
(18) Q. How much is the payment that's supposed to
(19) come in July supposed to be?
(20) A. Somewhere around 150,000.
(21) Q. If you file bankruptcy, will that go into
(22) your bankruptcy or do you know?
(23) A. I don't --
(24) MR. LAWTON: That really calls for a legal
(25) conclusion.
(26) BY MR. REED:
(27) Q. Okay. Has anybody discussed with you --
(28) without telling me who, without telling me what was said,

**Page 40**

(1) has anybody discussed with you that that -- if you file
(2) bankruptcy, that money will go in your bankruptcy?
(3) MR. LAWTON: I don't want you to answer if in
(4) order to answer you would have to talk about legal
(5) discussions with any of your lawyers.
(6) THE WITNESS: Right. I won't answer that.
(7) BY MR. REED:
(8) Q. Now, who made the payments from the Urbana
(9) bank to the IRS and the property taxes and state tax?
(10) A. I did.
(11) Q. Are there other signatories on that account
(12) other than you?
(13) A. Yes.
(14) Q. Who else is a signatory on the account?
(15) A. My dad.
(16) Q. And you wrote the checks out?
(17) A. Yes.
(18) Q. But you can't tell me the name of the bank?
(19) A. I don't recall the name of the bank.
(20) Q. Is its address actually in Urbana, Illinois?
(21) A. Yes.
(22) Q. In what form are the funds held there? Is it
(23) in a brokerage account? Is it a checking account? A
(24) savings account?
(25) A. I've answered that already.
(26) Q. Is it interest-bearing?
(27) A. No.
(28) Q. Do you have anything that pays you interest

## Page 41

(1) other than the – do you have anything that pays you
(2) interest at this time?
(3)   A. No.
(4)   MR. LAWTON: That's asked and answered,
(5) Mike.
(6)   BY MR. REED:
(7)   Q. All right. Without telling me what your
(8) agreements were or how much was paid to anybody, tell me
(9) the names of all the attorneys that you've paid money to
(10) in the last two years.
(11)   A. Well, let's see. Do you want the attorneys
(12) on the Qui Tam case?
(13)   Q. Yes. I'm not interested in Mr. Lawton's
(14) plan, Mr. Grossman, Mr. Tiffany. I'm interested in people
(15) that have been paid out of the Qui Tam monies.
(16)   A. Gray-Cary.
(17)   Q. And that was dealt with in the trial. Was
(18) there any money outside of the money that we dealt with in
(19) the trial paid to them, in our trial?
(20)   A. I'm very confused what you're asking me at
(21) this point. What are you –
(22)   Q. Have you paid them any money since the trial?
(23)   A. Since the trial that –
(24)   Q. Of this case.
(25)   A. Of this case. Gray-Cary, no.
(26)   Q. All right. Anybody else? I guess Oaks, did
(27) she get all her money?
(28)   A. I'm sure you probably paid her, so I don't

## Page 42

(1) know.
(2)   Q. Anybody else?
(3)   A. John Seltman has received some, John Appel.
(4)   MR. LAWTON: Mike, we've been at it almost an
(5) hour.
(6)   BY MR. REED:
(7)   Q. Is there anything else, any other assets or
(8) anything else that we haven't covered today that you have?
(9)   A. (Witness shakes head).
(10)   Q. In any form whatsoever.
(11)   A. Not that I – not to my current knowledge or
(12) recollection.
(13)   Q. How do you intend to pay your 3- to 4,000
(14) monthly expenses on $700 a month coming in?
(15)   A. I'm filing for bankruptcy. I probably will
(16) have to – I have no idea.
(17)   MR. REED: Okay. I think there's nothing
(18) else then.
(19)   * * *
(20)
(21) I declare under penalty of perjury that the
(22) foregoing testimony is true and correct.
(23)   Executed on                    , 19
(24) at                    , California.
(25)
(26)
(27)
(28)   SARA NEWSOME BURNS

## Page 43

(1)
(2)
(3)
(4)
(5)
(6)
(7)
(8)
(9)
(10)
(11)
(12)
(13)
(14)
(15)
(16)
(17)
(18)
(19)
(20)
(21)
(22)
(23)
(24)
(25)
(26)
(27)
(28)

EXHIBIT ___"6"___

1    **SAMPSON & ASSOCIATES**
     Bryan D. Sampson (#143143)
2    2139 First Avenue
     San Diego, CA 92101
3    (619) 557-9420/Fax 557-9425

4    Attorneys for Lien Claimant BRADLEY PROULX

FILED

99 JAN 13 PM 2: 08

CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                          DEPUTY

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   UNITED STATES OF AMERICA ex rel SARA      )    CASE NO. 91-1325-K(POR)
     NEWSOME (BURNS),                          )
12                                             )    **NOTICE OF LIEN**
                    Plaintiffs,                )
13                                             )
     v.                                        )
14                                             )
     FAMILY PRACTICE ASSOCIATES, et al.        )
15                                             )
                                               )
16                  Defendants.                )
     _____ )

17            ALL PARTIES IN THIS ACTION ARE NOTIFIED THAT:

18            A lien is created by this Notice under FRCP 69 and Article 5 (commencing

19   with section 708.410) of Chapter 6 of Title 9 of Part 2 of the California Code of Civil

20   Procedure.  The lien is based on a money judgment.  The right to attach order or

21   the money judgment is entered in the following action: Superior Court of California,

22   San Diego Branch, <u>Bradley Proulx v. Sara Newsome Burns, et al.</u>  Date of Entry of

23   Judgment was October 30, 1998.

24            The name and address of the judgment creditor or person who obtained the

25   right to attach order are (specifically): Bradley Proulx, c/o Casey Gerry Reed &

26   Schenk, 110 Laurel Street, San Diego, CA., 92101.  The name and last known

27   address of the judgment debtor or person whose property is subject to the right to

28

1   attach order are (specifically): Sara Newsome Burns, 4621 Kensington Drive, San

2   Diego, 92116.  The amount required to satisfy the judgment creditor's money

3   judgment or to secure the amount to be secured by the attachment at the time this

4   notice of lien is filed is $231,462.61.

5          The lien created by this notice attached to any cause of action of the person

6   named in item 5 that is the subject of this action or proceeding and to that person's

7   rights to money or property under any judgment subsequently procured in this

8   action or proceeding.

9          No compromise, dismissal, settlement or satisfaction of this action or

10  proceeding or any of the rights of the person named in item 5 to money or property

11  under any judgment procured in this action or proceeding may be entered into by

12  or on behalf of that person, and that person may not enforce any rights to money

13  or property under any judgment procured in this action or proceeding by a writ or

14  otherwise, unless one of the following requirements is satisfied:

15  a.     the prior approval by order of the court in this action or proceeding has been

16         obtained;

17  b.     the written consent of the person named in item 4 has been obtained or that

18         person has released the lien; or

19  c.     the money judgment of the person named in item 4 has been satisfied.

20         **NOTICE: The person named in item 5 may claim an exemption for all or**

21  **any portion of the money or property within 30 days after receiving notice of**

22  **the creation of the lien.  the Exemption is waived if it is not claimed in time.**

23  DATED: 1-13-99                        SAMPSON & ASSOCIATES

24
                                  By:    _____
25                                        Bryan D. Sampson
                                          Attorneys for Lien Claimant
26

27

28

EXHIBIT ___"7"___

1   **SAMPSON & ASSOCIATES**
    Bryan D. Sampson (#143143)
2   2139 First Avenue
    San Diego, CA 92101
3   (619) 557-9420/Fax (619) 557-9425

4   Attorneys for Lien Claimant BRADLEY PROULX

5

6

7

8                **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel SARA NEWSOME BURNS, | CASE NO. 91-1325-K |
| Plaintiffs, | **EX PARTE APPLICATION FOR ORDER AUTHORIZING PAYMENT ON LIEN** |
| v. | [F.R.C.P. 69] |
| FAMILY PRACTICE ASSOCIATES, et al., | Date:     N/A |
| Defendants. | Time:     N/A<br>Ctrm:     H<br>Hon. Louisa S. Porter |

18         Third Party Lien Claimant Bradley Proulx hereby submits the following Ex

19   Parte Application for an Order authorizing payment under his lien from a settlement

20   entered into between the parties in the above entitled action.

21         This ex parte application is made pursuant to F.R.C.P. 69 and California

22   Code of Civil Procedure §708.410, as well as a judgment issued in State Court

23   against SARA NEWSOME BURNS.

24         This application is based upon this notice, the attached memorandum of

25   points and authorities, declaration, exhibits and proposed order.

26   DATED: January 22, 1999            **SAMPSON & ASSOCIATES**

27

                 By:

28                            Bryan D. Sampson

EXHIBIT _____

F. I L E D
KENNETH E. MARTONE
Clerk of the Superior Court

DEC 1 6 1998

By: M. HADEMAKER, Deputy

1
2
3
4
5
6
7
8
9

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

10
11
12
13
14

BRADLEY PROULX,                                )   CASE NO. 711064
                                               )
                  Plaintiff and               )   **TURNOVER ORDER IN AID OF**
                  Judgment Creditor,          )   **EXECUTION**
                                               )
vs.                                            )
                                               )
SARA NEWSOME BURNS, and DOES 1 )
through 20,                                    )
                                               )
                  Defendants and              )
                  Judgment Debtors.           )
_____ )

15
16
17
18
19
20
21
22

Plaintiff/Judgment Creditor BRADLEY PROULX's motion for a turnover order in

aid of execution came for hearing before this Court on December 4, 1998 at 3:00 p.m. in

Department 46 of the above-entitled court, Honorable Ronald S. Prager presiding.  No

appearances were made by counsel as the motion was set for telephonic ruling.

The Court, having considered Plaintiff and Judgment Creditor's motion for a

23
24
25
26
27
28

Turnover Order in Aid of Execution, the written submissions of the parties, and the files and records of the case, and good cause having been shown therefore:

IT IS HEREBY ORDERED as follows:

1)      Upon receipt of, or upon receiving control or possession of the following described assets or any instrument representing or relating to those assets, the Defendant and Judgment Debtor, SARA NEWSOME BURNS, and/or any person acting in concert with her or under her direction or control, including her attorneys in the instant matter, DAN LAWTON, ESQ., and RANDY GROSSMAN, ESQ., and her attorney in *United States ex rel Newsome v. Family Practice Associates, et al.*, Civil Action No. 91-1325-E(P) (United States District Court for the Southern District of California), JOHN J. APPEL, JR., ESQ., shall immediately endorse and turn over, or cause to be turned over to the Marshal of San Diego County:

Any and all checks or funds received by SARA NEWSOME BURNS, DAN LAWTON, ESQ., RANDY GROSSMAN, ESQ., or JOHN J. APPEL, JR., ESQ., which represent payment to MS. BURNS of fees due to her for her participation as a relator in *United States ex rel Newsome v. Family Practice Associates, et al.*, Civil Action No. 91-1325-E(P) (United States District Court for the Southern District of California) and ordered paid to MS. BURNS pursuant to the Order on Stipulation for Order Modifying Settlement Agreement, dated July 1, 1997, in *U.S. ex rel Newsome v. Family Practice Associates, supra.*

2)      Neither the Defendant and Judgment Debtor, SARA NEWSOME BURNS, nor any person acting in concert with her or under her direction or control, including her

attorneys in the instant matter, DAN LAWTON, ESQ., and RANDY GROSSMAN, ESQ., and her attorney in *United States ex rel Newsome v. Family Practice Associates, et al.*, Civil Action No. 91-1325-E(P) (United States District Court for the Southern District of California), JOHN J. APPEL, JR., ESQ., shall receive, deposit, conceal, remove, or sequester the above-described funds, nor shall they obstruct, delay, prevent, or interfere in any manner with the timely delivery of the above-described funds to the Marshal of San Diego County.

IT IS FURTHER ORDERED that this Order shall be personally served on the judgment debtor, SARA NEWSOME BURNS, and her attorneys of record in the instant matter, DAN LAWTON, ESQ., and RANDY GROSSMAN, ESQ., and her attorney in *United States ex rel Newsome v. Family Practice Associates, et al., supra,* JOHN J. APPEL, JR., ESQ.

**NOTICE IS HEREBY GIVEN THAT FAILURE BY THE JUDGMENT DEBTOR, HER ABOVE-NAMED ATTORNEYS OF RECORD, OR ANY PERSON ACTING ON HER BEHALF OR UNDER HER CONTROL, TO COMPLY WITH THIS ORDER MAY SUBJECT SUCH PERSON TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT.**

Dated: December _16_ , 1998.

The foregoing instrument is a full, true and correct copy of the original on file in this office.

Attest: ___DEC 16 1998_____

KENNETH E. MARTONE
Clerk of the Superior Court of the State of California, in and for the County of San Diego.

_Mary E. Rademacher_ Deputy

Ronald S. Prager

HONORABLE RONALD S. PRAGER
Judge of the Superior Court

Page 3

EXHIBIT "q"

1  CASEY, GERRY, REED & SCHENK
   T. MICHAEL REED, Bar No. 067240
2  BONNIE E. KANE, Bar No. 167700
   110 Laurel Street
3  San Diego, CA 92101
   Telephone: (619) 238-1811
4
   Attorneys for Plaintiff
5

6

7

8
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                         FOR THE COUNTY OF SAN DIEGO
10

11  BRADLEY PROULX,                )   CASE NO.   711064
                                   )
12          Plaintiff,             )   NOTICE OF MOTION AND MOTION
                                   )   FOR ASSIGNMENT ORDER AND FOR
13  vs.                            )   ORDER RESTRAINING DEBTOR;
                                   )   MEMORANDUM OF POINTS &
14  SARA NEWSOME BURNS, et al.,    )   AUTHORITIES IN SUPPORT THEREOF
                                   )
15          Defendants.            )   DATE:      February 5, 1999
    _____)   TIME:      3:00 p.m.
16                                     DEPT:      46

17       TO JUDGMENT DEBTOR SARA NEWSOME BURNS AND TO ANY ATTORNEY(S)

18  OF RECORD FOR THE JUDGMENT DEBTOR:

19       NOTICE IS HEREBY GIVEN that on February 5, 1999, at 3:00

20  p.m., in Department 46 of the above-entitled court located at 330

21  West Broadway, San Diego, California, BRADLEY PROULX, the judgment

22  creditor, will move the court for an order instructing the

23  judgment debtor to assign the judgment debtor's interest in rental

24  proceeds from the rental of real property located at 4621 and/or

25  4623 Kensington Drive, San Diego, California, and all rights to

26  payment thereunder, to the judgment creditor to the extent

27  necessary to pay the judgment creditor's judgment in full,

28  including accrued interest through the date of payment.

1    The judgment creditor will also move the court for an order

2    restraining the judgment debtor and any servant, agent, employee

3    or attorney for the judgment debtor and any person(s) in active

4    concert and participating with the judgment debtor from

5    encumbering, assigning, disposing or spending any and all rental

6    proceeds from the rental of said property(ies) and all rights to

7    payment thereunder.

8        This motion is made on the grounds that the judgment creditor

9    has a judgment against the judgment debtor, the balance due on

10   which, including accrued interest **to the date of this notice**, is

11   $236,098.54, and that the judgment debtor has an assignable right

12   to the payments described herein and that there is a need to

13   restrain the judgment debtor from assigning said right.

14       This motion will be based on this notice, the attached

15   declaration of T. Michael Reed, the memorandum of points and

16   authorities supporting this motion, and the complete files and

17   records of this action.

18                                 CASEY, GERRY, REED & SCHENK

19

20   Dated: _____1/11/99_____      By: _____

21                                     T. Michael Reed
                                       Attorneys for Judgment Creditor

22

23

24

25

26

27

28

EXHIBIT "10"

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| BRADLEY PROULX,<br><br>        Plaintiff,<br><br>v.<br><br>SARA NEWSOME BURNS,<br><br>        Defendants. | CASE NO. 711064<br><br>**ORDER RESTRAINING**<br>**JUDGMENT DEBTOR**<br>**FROM ASSIGNING RIGHT**<br>**TO *QUI TAM* PAYMENTS**<br><br>Date:  January 14, 1999<br>Time:  8:00 a.m.<br>Dept:  46 |

This matter came on ex parte at 8:00 a.m. on January 14, 1999, in

Department 46 of the above-entitled court, Ronald S. Prager, Judge Presiding.

Bonnie E. Kane and Bryan D. Sampson appeared on behalf of Judgment Creditor

BRADLEY PROULX.  Dan Lawton appeared on behalf of Judgment Debtor SARA

NEWSOME BURNS.  The court having considered the written and oral submissions

of the parties and the files and records of the case, and good cause having been

shown therefore:

IT IS HEREBY ORDERED as follows:

Defendant/Judgment Debtor SARA NEWSOME BURNS and any person

acting in concert with her or under her direction or control, shall be restrained from

assigning, encumbering, disposing of, or spending any *qui tam* proceeds, from the

federal court action;

1  **NOTICE IS HEREBY GIVEN THAT FAILURE BY THE JUDGMENT**

2  **DEBTOR, OR ANY PERSON ACTING ON HER BEHALF OR UNDER HER**

3  **CONTROL, TO COMPLY WITH THIS ORDER MAY SUBJECT SUCH PERSON**

4  **TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT.**

5  Dated: _____

6

7                                          _____

8                                          Hon. Ronald S. Prager
                                           JUDGE OF THE SUPERIOR COURT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "11"

SUPERIOR COURT OF CALIFORNIA, COUNTY SAN DIEGO

| CASE NUMBER 711064 | COMPLAINT DATE | HEARING DATE 1-14-99 | HEARING TIME 8:00 | DEPT 46 | FOR COURT USE ONLY KENNETH E. MARTONE Clerk of the Superior Court |
|---|---|---|---|---|---|

JUDGE *PRAGER*

CLERK MARY E. RADEMAKER   CSR #

REPORTER *NOT REPORTED*

JAN 14 1999

PLAINTIFF/PETITIONER *PROULX*

ATTORNEY FOR PLAINTIFF/PETITIONER

DEFENDANT/RESPONDENT *BURNS*

ATTORNEY FOR DEFENDANT/RESPONDENT *Don Lawton*

COUNSEL FOR MOVING PARTY MUST FILL IN TOP PORTION, EXCLUDING NAMES OF JUDGE, CLERK AND REPORTER. ALL COUNSEL MUST PRINT NAMES IN SPACE OPPOSITE THE NAME OF THE PARTY THEY REPRESENT.

EX PARTE APPLICATION FOR: *ORDER RESTRAINING JUDGMENT DEBTOR*

MOVING PARTY: _____

☐ ORDER BY COURT ☒ GRANTED ☐ DENIED          ☐ ORDER SHORTENING TIME IS ☐ GRANTED ☐ DENIED

☐ PURSUANT TO STIPULATION

☐ MOTION TO/FOR *objection to Claim of exemption*          IS SET ON *2/5/99*

☐ RULING BY TELEPHONIC RECORDING/NO APPEARANCE NECESSARY

☐ TRIAL DATE CONTINUED TO: _____ ON MOTION OF PLT / DFT ☐ BY COURT

☐ TRIAL READINESS CONFERENCE CONTINUED TO: _____ ON MOTION OF PLT / DFT ☐ BY COURT

☐ SET CASE MANAGEMENT CONFERENCE ON _____ ☐ CASE DESIGNATED EXCEPTIONAL

☐ 1ST EXCHANGE OF EXPERTS _____ 2ND EXCHANGE OF EXPERTS _____ ☐ ALL DEADLINES REMAIN AS SET

☐ MOTION/DISCOVERY DATE MOVED TO _____ NON JURY/JURY REQUESTED BY PLT/DFT EST. LENGTH OF TRIAL __ DAYS

☐ VACATE ALL HEARING DATES ☐ ORDERED TO ARB./MED. ☐ REMOVED FROM ARB./MED. ☐ SET ON 45 DAY DISMISSAL CALENDAR

☐ PREFERENCE GRANTED ☐ 70 YEAR ☐ 5 YEAR ☐ OTHER _____

☐ ASSIGNED TO JUDGE _____ FOR ALL PURPOSES INCLUDING TRIAL

☐ LEAD CASE NO. _____ CONSOLIDATED WITH _____

OTHER *That Claim for exemption will be served by P.O. by 1/22/99 PPO 1/29/99 reply by reply 2/1 + will be heard in conjunction with assignment order — telephonic hearing order — all rents from + properties in question will be put in trust fund to center*

DATED: *to submit amended order*          *[signature]*

JAN 14 1999          Ronald S. Prager          JUDGE OF THE SUPERIOR COURT

**EX PARTE APPLICATION (Coordinated Rules, Division II, Chapter 7)**

SUPCT CIV-7(Rev. 7-98)

EXHIBIT ___"12"___

F I L E D
KENNETH E. MARTONE
Clerk of the Superior Court

JAN 1 4 1999

By: M. RADEMAKER, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| BRADLEY PROULX, | CASE NO. 711064 |
| Plaintiff, | ORDER RESTRAINING JUDGMENT DEBTOR FROM ASSIGNING RIGHT TO RENTAL PAYMENTS |
| vs. | |
| SARA NEWSOME BURNS, and DOES 1 through 20, | Date:     January 14, 1999<br>Time:     8:00 a.m.<br>Dept:     46 |
| Defendants. | |

This matter came on ex parte at 8:00 a.m. on January 14, 1999, in Department 46 of the above-entitled court, Ronald S. Prager, Judge Presiding.  The court having considered the written and oral submissions of the parties and the files and records of the case, and good cause having been shown therefore:

IT IS HEREBY ORDERED as follows:

1.   Defendant/Judgment Debtor SARA NEWSOME BURNS and any person acting in concert with her or under her direction or control, shall be restrained from assigning, encumbering, disposing of, or spending any rental proceeds, or the right to receive rental proceeds, from the rental of real property located

1    at 4621 and 4623 Kensington Drive, San Diego, California, pending

2    resolution of the noticed motion set for hearing in this

3    department on February 5, 1999.

4        NOTICE IS HEREBY GIVEN THAT FAILURE BY THE JUDGMENT DEBTOR,

5    OR ANY PERSON ACTING ON HER BEHALF OR UNDER HER CONTROL, TO COMPLY

6    WITH THIS ORDER MAY SUBJECT SUCH PERSON TO ARREST AND PUNISHMENT

7    FOR CONTEMPT OF COURT.

8

9    Dated: January 14, 1999

10                                    Ronald S. Prager

11                        _____
                          HONORABLE RONALD S. PRAGER
12                        Judge of the Superior Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

EXHIBIT __"13"__

<u>MAIL TO:</u>

Secretary of State
P.O. Box 942835
Sacramento, CA 94235-0001

STATE OF CALIFORNIA

NOTICE OF JUDGMENT LIEN ON PERSONAL PROPERTY
(FOR FILING IN THE OFFICE OF THE SECRETARY OF STATE)
IMPORTANT - Read Instructions on back before completing this form

REFERENCE: CODE OF CIVIL PROCEDURE SECTIONS 697.510, 697.550 AND 697.570

1. JUDGMENT DEBTOR (LAST NAME FIRST, IF AN INDIVIDUAL)

**BURNS, SARA NEWSOME**

| 1A. MAILING ADDRESS OF JUDGMENT DEBTOR | 1B. CITY, STATE | 1C. ZIP CODE |
|---|---|---|
| 4621 KENSINGTON DRIVE | SAN DIEGO, CA | 92116 |

2. ADDITIONAL JUDGMENT DEBTOR (IF ANY) (LAST NAME FIRST, IF AN INDIVIDUAL)

| 2A. MAILING ADDRESS OF ADDITIONAL JUDGMENT DEBTOR | 2B. CITY, STATE | 2C. ZIP CODE |
|---|---|---|
| | | |

3. JUDGMENT CREDITOR

NAME: **BRADLEY PROULX, C/O SAMPSON & ASSOCIATES**
MAILING ADDRESS: **2139 FIRST AVENUE**
CITY: **SAN DIEGO**     STATE: **CALIFORNIA**     ZIP CODE: **92101**

4. ALL PROPERTY SUBJECT TO ENFORCEMENT OF A MONEY JUDGMENT AGAINST THE JUDGMENT DEBTOR TO WHICH A JUDGMENT LIEN ON PERSONAL PROPERTY MAY ATTACH UNDER SECTION 697.530 OF THE CODE OF CIVIL PROCEDURE IS SUBJECT TO THIS JUDGMENT LIEN.

A. Title of court where judgment was entered: <u>SUPERIOR COURT OF CALIFORNIA</u>

<u>COUNTY OF SAN DIEGO</u>

B. Title of the action: <u>BRADLEY PROULX V. SARA NEWSOME BURNS</u>

C. Number of the action: <u>711064</u>

D. Date judgment was entered: <u>OCTOBER 30, 1998</u>

E. Dates of subsequent renewals of judgment (if any): _____ ;

F. Amount required to satisfy judgment at date of this notice: <u>$231,462.61</u>

G. Date of this notice: <u>January 31, 1999</u>

5. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Dated: <u>January 31</u>, 19 <u>99</u>    (If not indicated, the date of declaration is the same as date in item 4G)

SAMPSON & ASSOCIATES (SEE INSTRUCTION NO. 5)
BY: BRYAN D. SAMPSON, ESQ.
FOR: <u>JUDGMENT CREDITOR</u>

6. THIS SPACE FOR USE OF FILING OFFICER
(DATE, TIME OF FILING AND FILE NUMBER)

7. **RETURN COPY TO**

NAME: BRYAN D. SAMPSON, ESQ.
ADDRESS: SAMPSON & ASSOCIATES
CITY: 2139 FIRST AVENUE
STATE: SAN DIEGO, CA 92101
ZIP CODE:

**FILING FEE $20.00**

NOTICE OF JUDGMENT LIEN - FORM J-1 (7/83)
PRESCRIBED BY THE SECRETARY OF STATE

Forms Inc. • P.O. Box 1109 • La Jolla, CA 92038 • 800/854-1080 • Form 9J1

EXHIBIT ___"4"___

CASEY, GERRY, REED & SCHENK, LL

11/09/98   Payee:Clerk of The Superior Court

21936

Check #      21936 for the amount of $          23.00
For:01 - Ex-Parte Proulx                    Req#      3158      By: ns
      23.00 1 P

DELUXE BUSINESS FORMS  1-800-328-0304

**CHECK REQUEST**    Today's Date: 11/6/98

PAYABLE TO: Clerk of Superior Court of San Diego County

ADDRESS: 330   W. Broadway

San Diego

PHONE NO.: _____

TAX I.D.#: _____

CLIENT CASE NAME: Bradley Proulx  (v. Sara Newsome Burns)

PURPOSE: ex parte fee  - application for judgment debtor exam

AMOUNT OF: $23.00      APPROVED BY: _____

DATE/TIME NEEDED: 11/9   3:00 p.m.

REQUESTED BY: Nancy

RETURN TO: Bonnie Kane

Check #_____   Check Date _____   Initial_____

**CASEY, GERRY, REED & SCHENK, LLP**

21937

```
11/09/98    Payee:Clerk of the Superior Court
   Check #      21937 for the amount of $      23.00
   For:01 - Ex-Parte Proulx                    Req#      3159      By: ns
      23.00 1 P
```

DELUXE BUSINESS FORMS  1-800-328-0304

**CHECK REQUEST**    Today's Date: 11/6/98

PAYABLE TO: Clerk of Superior Court of San Diego County

ADDRESS: 330 W Broadway

S D

PHONE NO.: _____

TAX I.D.#: _____

CLIENT CASE NAME: PROULX

PURPOSE: ex parte fee - application for turnover orders

AMOUNT OF: $23.00 _____    APPROVED BY: _____

DATE/TIME NEEDED: 11/9/98  3:00p.m.

REQUESTED BY: Nancy

RETURN TO: Bonnie Kane

Check # _____    Check Date _____    Initial _____

CASEY, GERRY, REED & SCHENK, LLP

11/23/98  Payee:Clerk of The Superior Court
Check # 22022 for the amount of $
For:01 Motion for Proulx
23.00 1 P

23.00
Req#                    3280

FILE

By: mr                  22022

DELUXE BUSINESS FORMS  1·800·328·0304

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 043386 - A3
November 3, 1998

| Code | Case # | Qty | Amount |
|------|--------|-----|--------|
| MISCFEE | | | 10.00 CA |

Total-> 10.00

**EXHIBIT** "15"

Missing
checks
for 2 wnts
@ $7œ/each

EXHIBIT "16"

CASEY, GERRY, REED & SCHENK, LLP

21961

11/13/98    Payee:San Diego County Marshal
    Check #      21961 for the amount of $         26.00
    For:Proulx                                     Req#        3195        By: ns
        26.00 1 P

21961

**CASEY, GERRY, REED & SCHENK, LLP**
ATTORNEYS AT LAW
110 LAUREL STREET
SAN DIEGO, CA 92101
(619) 238-1811

**SAN DIEGO NATIONAL BANK**
1420 KETTNER BLVD.
SAN DIEGO, CALIFORNIA 92101
90-3868-1222

11/13/98                    $26.00

DATE                        AMOUNT

**\*\*\*\*\*\*\*\*\*\*\*26 DOLLARS AND 00 CENTS\*\*\***

PAY
TO THE
ORDER      San Diego County Marshal
OF         220 West Broadway              GENERAL ACCOUNT
           San Diego CA  92101

FOR    Proulx      ⑈021961⑈ ⑈122238682⑈  0106397970⑈

SEY, GERRY, REED & SCHENK, LLP

21961

11/13/98    Payee:San Diego County Marshal
    Check #      21961 for the amount of $         26.00
    For:Proulx                                     Req#        3195        By: ns
        26.00 1 P

DELUXE BUSINESS FORMS  1-800-328-0304

CASEY, GERRY, REED & SCHENK, LLP

21962

11/13/98    Payee:San Diego County Marshal
    Check #      21962 for the amount of $          26.00
    For:Proulx                                      Req#        3196        By: ns
        26.00 1 P

2196

**CASEY, GERRY, REED & SCHENK, LLP**
ATTORNEYS AT LAW
110 LAUREL STREET
SAN DIEGO, CA 92101
(619) 238-1811

SAN DIEGO NATIONAL BANK
1420 KETTNER BLVD.
SAN DIEGO, CALIFORNIA 92101
90-3868-1222

11/13/98                    $26.00

DATE                        AMOUNT

***********26 DOLLARS AND 00 CENTS***

PAY
TO THE
ORDER     San Diego County Marshal
OF        220 West Broadway                    GENERAL ACCOUNT
          San Diego CA  92101

FOR     Proulx      ⑈021962⑈ ⑈122238682⑈  0106397970⑈

CASEY, GERRY, REED & SCHENK, LLP                    2196

11/13/98    Payee:San Diego County Marshal
    Check #      21962 for the amount of $          26.00
    For:Proulx                                      Req#        3196        By: ns
        26.00 1 P

DELUXE BUSINESS FORMS  1-800-328-0304

EY, GERRY, REED & SCHENK, LLP

21964

13/98    Payee:San Diego County Marshal
heck #       21964 for the amount of $         75.00
For:Proulx                                   Req#      3198       By: ns
      75.00 1 P

DELUXE BUSINESS FORMS   1-800-328-0304

\SEY, GERRY, REED & SCHENK, LLP                                    21965

1/13/98    Payee:San Diego County Marshal
   Check #        21965 for the amount of $          75.00      Req#      3199      By: ns
   For:Proulx
        75.00 1 P


                                                                   21965

   **CASEY, GERRY, REED & SCHENK, LLP**            SAN DIEGO NATIONAL BANK
              ATTORNEYS AT LAW                          1420 KETTNER BLVD.
              110 LAUREL STREET                    SAN DIEGO, CALIFORNIA  92101
              SAN DIEGO, CA 92101                         90-3868-1222
              (619) 238-1811
                                                   **11/13/98**          **$75.00**

                                                       DATE              AMOUNT

   ***********75 DOLLARS AND 00 CENTS***

PAY
TO THE
ORDER     San Diego County Marshal
OF        220 West Broadway                      GENERAL ACCOUNT
          San Diego CA  92101

                                                    _signature_

FOR     Proulx          ⑈0 2 1 9 6 5⑈  ⑈: 1 2 2 2 3 8 6 8 2 ⑈:    0 1 0 6 3 9 7 9 7 0 ⑈

.SEY, GERRY, REED & SCHENK, LLP                                    21965

11/13/98    Payee:San Diego County Marshal
   Check #        21965 for the amount of $          75.00      Req#      3199      By: ns
   For:Proulx
        75.00 1 P

22195

...SEY, GERRY, REED & SCHENK, LLP

2/09/98    Payee:San Diego County Marshal          26.00        3487      By: ns
  Check #          22195 for the amount of $        Req#
  For:09 service on Appel for Proulx
        26.00  1 P

DELUXE BUSINESS FORMS   1-800-328-0304

CHECK REQUEST    Today's Date: 12/8/98

PAYABLE TO: San Diego County Marshal

ADDRESS: 220 W. Broadway
San Diego, CA 92101

PHONE NO.:

TAX I.D.#:

CLIENT CASE NAME: PROULX, BRADLEY

PURPOSE: Serve turnover order on Dan Appel, ESQ    12-4-98

AMOUNT OF: 26 —           APPROVED BY:

DATE/TIME NEEDED: 12/10/98  4:00pm -

REQUESTED BY: Nancy

RETURN TO: Nancy

Check #_____   Check Date _____   Initial_____

**Y, GERRY, REED & SCHENK, LLP**

22265

```
6/98    Payee:San Diego County Marshal
heck #      22265 for the amount of $      75.00
or:Proulx Levy                    Req#      3568      By: ns
      75.00 1 P
```

DELUXE BUSINESS FORMS  1+800-328-0304

**CASEY, GERRY, REED & SCHENK, LLP**

```
12/16/98    Payee:San Diego County Marshal                        22266
    Check #      22266 for the amount of $
    For:Proulx Levy                              75.00
        75.00 1 P                            Req#      3569      By: ns
```

\SEY, GERRY, REED & SCHENK, LLP

22377

1/04/99    Payee:San Diego County Marshal
  Check #       22377 for the amount of $         26.00
  For:Levy on Bank Account                        Req#      3711      By: ns
        26.00 1 P

DELUXE BUSINESS FORMS   1-800-328-0304

**CHECK REQUEST**    Today's Date: *1-4-99*

PAYABLE TO: *S. D County Marshal*

ADDRESS: *220 W. Broadway*

*S. D.*

PHONE NO.: _____

TAX I.D.#: _____

CLIENT CASE NAME: *Proux v. Burns*

PURPOSE: *Levy on bank account (Washington Mutual)*

AMOUNT OF: *$26-*        APPROVED BY: _____

DATE/TIME NEEDED: *1-4-99 1:30-2:00 p.m. (please)*

REQUESTED BY: *Nancy*

RETURN TO: *Nancy*

Check #_____    Check Date _____    Initial_____



**KROTZER SUPPORT SERVICES**
4120 Kane Street
San Diego, CA 92110
CA P.I. License # 18858

## I N V O I C E    #98-423

January 5, 1999

Mr. T. Michael Reed, Esq.
CASEY, GERRY, REED & SCHENK
110 Laurel Street
San Diego, California, 92101
(619) 238-1811

Dear Mr. Reed,

### CASE NAME: PROULX v. SARA BURNS, et al.

### SAME DAY LEVY ON WASHINGTON MUTUAL BANK

    This invoice is for work recently completed in the above-captioned case.  If you have any questions regarding this invoice, please feel free to contact me.

TELEPHONE CONFERENCES/PICK-UP................................................N/C

SAME DAY LEVY.............................................................$80.00
================================================================
BALANCE DUE...............................................................$80.00

    This invoice is submitted for the same day levy performed at Washington Mutual Bank on January 4, 1998, at the request of Nancy Sinning.  Fee charged includes initiation of the levy at the San Diego County Marshal on January 4, 1998, service on the bank, mailing to the Judgment Debtor, preparation of the return of service and delivery of same to the Marshal on January 5, 1998.  The telephone number for Regan Assante, party served at Washington Mutual, is (619) 483-4801.

    Please make the check payable to **KROTZER LEGAL INVESTIGATIONS**.  Invoices are due NET 10 DAYS.  Invoices unpaid after fifteen days will be subject to a 1.5% per month finance charge.  Our Federal Tax I.D. number is 33-0658586.

Sincerely,

Dan Krotzer, Qualified Manager
California P.I. License #18858
Registered San Diego County #402

**Office (619) 275-1834    Fax  (619) 275-0910**

EXHIBIT "17"

*Peter Lewis Mazzone*                                    *C.A. Licenses PI 11887 · PPO 11542*

---

INTERNATIONAL INVESTIGATIONS                                        *1666 Garnet Avenue #102
San Diego, California 92109
(619) 544-4165*

### INVESTIGATIVE BILLING

Client: _BP Investigations_
_Easter_
_California_
Re: _Ploul v. U.S. Burns_
Case Number: _____
Invoice Number: _042599_                              *April 23th, 1999*

---

**For Professional Services Rendered**

Hours _____

Mileage _____

Phone _____

Expenses _____

_Service of Judgment Debtors Exam & Complaint - Summons_

Total Amount Due _____ _1.50_ _____

                              Respectfully submitted,

                              _[signature]_
                              PETER LEWIS MAZZONE
                              PRIVATE INVESTIGATOR

# INVESTIGATIVE COSTS



Investigator: Calvin Kik

Case Name: _Prouix V Burns_

Case Record Number: _____

| Date | Description/comments | Time | Mileage | Misc |
|------|----------------------|------|---------|------|
| 11/17/98 | To 4621 Kensington Drive, obtain photographs of subject property, drop film at Deans | 1.5 | 10 | |

TOTAL TO CLIENT: $ _45.—_ + _3 25_ TRAVEL

## INVESTIGATIVE COSTS

**EMPLOYEE NAME:** Juan Ortiz

**CASE NAME:** PROULX

**CASE RECORD NUMBER:** 19885

| DATE | DESCRIPTION/COMMENT | TIME | MILEAGE | MISC |
|------|---------------------|------|---------|------|
| 11/18 | Obtained copies of land deeds for Sara Burns at the SD City Assesors | 15 | | |
| 11/19 | Obtained copies of the mechanics lein and release and transfers for Sara Burns at the SD City Asse | 1 | | |

**TOTAL TO CLIENT:** $50.⁰⁰

# Confi-chek

1616 19th Street
Sacramento, CA 95814
(800) 821-7404
Fax (800) 758-8859

# Invoice

| DATE | INVOICE # |
|------|-----------|
| 11/17/98 | 7321 |

**BILL TO**

CASEY GERRY REED & SCHENK
110 LAUREL ST.
SAN DIEGO CA 92101

PAID
2.2054
11/30/98

| DESCRIPTION | QTY | | TERMS | PROJECT |
|-------------|-----|---|-------|---------|
| | | | RATE | AMOUNT |
| INVESTIGATION SARA BURNS | 2 | | 100.00 | 200.00 |
| FAX - 1ST PAGE | | | 1.00 | 1.00 |

**Total** $201.00

For you convenience Confi-chek has instituted a new billing system. We will be faxing an invoice with each search response. A monthly summary of all outstanding charges will be mailed on the 25th of each month listing all unpaid invoices. Please pay from the invoice received with the search response. PAYMENT IS DUE UPON RECEIPT OF SERVICES.



INVESTIGATIVE COSTS FILE

INVESTIGATOR NAME: *CAL*

CASE NAME: *B. PROULX V BURNS*

CASE RECORD NUMBER: *19885*

| DATE | DESCRIPTION/COMMENTS | TIME | MILEAGE | MISC |
|------|---------------------|------|---------|------|
| 1/22/99 | Obtained Ds fathers name + address. | | | |
| | Ran SSN search for father | | | |
| | Ordered bank srch | 1 | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

TOTAL TO CLIENT $ *30.—*

wpdata\forms\invest.frm

# Invoice

# C onfi-chek

1816 19th Street
Sacramento, CA 95814
(800) 821-7404
Fax (800) 758-5858

| DATE | INVOICE # |
|------|-----------|
| 1/22/99 | 9802 |

**BILL TO**

CASEY GERRY REED & SCHENK
110 LAUREL ST.
SAN DIEGO CA 92101

*OK to pay*
*as*
*Proux v. Burns*

*pd ck # 23917*
*6/1/99*

| TERMS | PROJECT |
|-------|---------|
|       |         |

| DESCRIPTION | QTY | RATE | AMOUNT |
|-------------|-----|------|--------|
| IDENTIFIER | | 9.00 | 9.00 |
| RE: JACK NEWSOME 302 BARRINGER URBANA IL | | | |
| FAX - 1ST PAGE | | 1.00 | 1.00 |

| | Total | $10.00 |
|--|-------|--------|

For you convenience Confi-chek has instituted a new billing system. We will be faxing an invoice
with each search response. A monthly summary of all outstanding charges will be mailed on the 25th
of each month listing all unpaid invoices. Please pay from the invoice received with the search



**Confi-chek**
1818 19th Street
Sacramento, CA 95814
(800) 821-7404
Fax (800) 798-6859

# Invoice

| DATE | INVOICE # |
|------|-----------|
| 1/25/99 | 9843 |

**BILL TO**

CASEY GERRY REED & SCHENK
110 LAUREL ST.
SAN DIEGO CA  92101

| DESCRIPTION | QTY | RATE | AMOUNT |
|-------------|-----|------|--------|
| | | | |
| INVESTIGATION | | 75.00 | 75.00 |
| Jack Newsome | | | |
| | | | |
| FAX - 1ST PAGE | | 1.00 | 1.00 |

*Jack Newsome acct.*

*PROULX*

| | TERMS | PROJECT |
|---|-------|---------|

| **Total** | $76.00 |
|-----------|--------|

For you convenience Confi-chek has instituted a new billing system. We will be faxing an invoice
with each search response. A monthly summary of all outstanding charges will be mailed on the 25th
of each month listing all unpaid invoices. Please pay from the invoice received with the search
response. PAYMENT IS DUE UPON RECEIPT OF SERVICES.



# Invoice

| DATE | INVOICE # |
|------|-----------|
| 11/18/98 | 7350 |



**BILL TO**

CASEY GERRY REED & SCHENK
110 LAUREL ST.
SAN DIEGO CA  92101



| TERMS | PROJECT |
|-------|---------|

| DESCRIPTION | QTY | RATE | AMOUNT |
|-------------|-----|------|--------|
| NATIONWIDE RESIDENT IDENTIFIER - 4621/4623 KENSINGTON / SAN DIEGO | | 6.00 | 6.00 |
| FAX - 1ST PAGE | | 1.00 | 1.00 |
| FAX ADDITIONAL PAGES | | 0.50 | 0.50 |

**Total**    $7.50

For you convenience Confi-chek has instituted a new billing system. We will be faxing an invoice with each search response. A monthly summary of all outstanding charges will be mailed on the 25th of each month listing all unpaid invoices. Please pay from the invoice received with the search response. PAYMENT IS DUE UPON RECEIPT OF SERVICES.



BRYAN D. SAMPSON
ATTORNEY AT LAW
2160 FIRST AVENUE
SAN DIEGO, CA 92101
(619) 557-0700

GROSSMONT BANK
HILLCREST OFFICE
SAN DIEGO, CA 92103

7659

PAY TO THE
ORDER OF        Howard W. Rhoads

Three Hundred Fifteen and 70/100                                    DOLLARS

Howard W. Rhoads
3803 Rosecrans Street
Suite 115
San Diego CA 92110

MEMO        Investigator

⑈007659⑈ ⑆122232109⑈ 0802411101⑈        ⑈00000031320⑈



FOR DEPOSIT ONLY
PENINSULA BANK
DBA HOWARD W. RHOADS, JR.
RHOADS INVESTIGATIVE SERVICES
3 216136 02

**EXHIBIT** "$B$"

# Fivecoat and With

### Certified Shorthand Reporters, Inc.
701 B Street • Suite 760 • San Diego, California 92101-8102
(619) 236-0333

INVOICE NO. 57713

T. Michael Reed, Esq.
Casey, Gerry
110 Laurel Street
San Diego, CA  92101



ENTERED
5879 00

| INVOICE DATE | REF. NO. | REPORTER/CSR NO. |
|---|---|---|
| ======== | =============== | ======================= |
| 12/10/98 | 57713 | Stonesifer   6351 |

RE         :  Proulx
    VS.   Burns

Date of Service:  November 20, 1998

Transcript of  :  BURNS, SARA NEWSOME

           ORIGINAL AND ONE COPY

```
                                     ---------
               INVOICE AMOUNT     232.00
               CREDITS TO DATE      0.00
                                  =========
     PLEASE PAY THIS AMOUNT $     232.00
```

FEDERAL I.D. #95-3667308
PLEASE RETURN A COPY OF THIS INVOICE WITH PAYMENT.

EXHIBIT "19"

**CASEY, GERRY, REED & SCHENK, LLP**

21886

```
11/06/98    Payee:San Diego County Recorders
    Check #       21886 for the amount of $      13.50
    For:34 Recording Abstract - Proulx            Req#      3104      By: ek
          13.50 1 P
```

1-800-328-0304

return    to:

Telephone:

(619) 238-1811

3CHENK

Creditor, Bradley Proulx

SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
DOC #'S 1998-0725547
    NOV 06, 1998  12:15 PM

| | |
|---|---|
| RECORDING: | 6.00 |
| ADD'L RECORDING: | 2.00 |
| MICROGRAPHICS: | 1.00 |
| TRIAL COURT: | 1.00 |
| LIEN: | 3.50 |
| TOTAL DUE: | 13.50 |
| TOTAL TENDERED: | 13.50 |

FOR    RECORDER'S    USE    ONLY

**ABSTRACT OF JUDGMENT**
[Cover Sheet]

**EXHIBIT** "Ꝺ"

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS) | | TELEPHONE | FOR COURT USE ONLY |
|---|---|---|---|
| SAMPSON & ASSOCIATES<br>2139 First Avenue<br>San Diego, CA  92101 | | (619) 557-9420 | |

ATTORNEY FOR (NAME)    SBN #

| | REFERENCE NUMBER |
|---|---|
| | PR152919-01 |

Insert name of court, judicial district or branch court, if any, and post office and street address
NA,

SHORT NAME OF CASE
USA vs. FAMILY PRACTICE

| PROOF OF SERVICE | DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br>91-1325-K(POR) |
|---|---|---|---|---|

I am and was on the dates herein mentioned over the age of eighteen years and not a party to this action;

I served the:
; NOTICE OF LIEN

Name of Person Served: JOHN G. APPEL, JR.

Delivered to: DALILA OLIMAN/RECEPTIONIST
Title: PERSON AUTHORIZED TO ACCEPT SERVICE OF PROCESS

Date of Delivery: 01/13/99
Time of Delivery: 03:40 pm

Address where left: 402 W. BROADWAY, #400
SAN DIEGO, CA 92101                    **(Business)**

Physical Description:

| AGE: | 25 | HAIR: | BLACK | HEIGHT: | 5'2" | RACE: | CAUC |
|---|---|---|---|---|---|---|---|
| SEX: | FEMALE | EYES: | BROWN | WEIGHT: | 110 | | |

Manner of Service:
Delivery to Law Office: Service was made by delivery to the Attorney's office; or by leaving the document(s) with his clerk therein; or with a person having charge thereof; or if there was no such person in the office, by leaving them between the hours of nine in the morning and five in the afternoon, in a conspicuous place in the office. If the person is not represented by counsel, service may be made at the residence, or if he or she is not home, the documents may be left with a person at least eighteen (18) between the hours of 8 am and 6 pm. If at the time of attempted service between those hours a person of suitable age cannot be found at the party's residence, the Notice or papers may be left in a conspicuous place. (CCP 1011(1))

Fee for service:    $ 43.00

JUDICIAL COUNSEL FORM, RULE #982 (A)(23)

Registered: . . . . SAN DIEGO . . . . . County,
Number: . . . . . . . 585 . . . . . . . . . .

JUNES ATTORNEY SERVICE, INC.
2330 First Avenue Suite 100
San Diego, CA  92101
PHONE: (619) 233-6119
P08/PR152919-01

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed
on: . . . . . . . . January 15, 1999 . . . . . . . . . .
at: . . . . . . . . . SAN DIEGO . . . . . . , California.

Signature: _____
Name: EDWARD F. STALLMAN
Title: CALIFORNIA REGISTERED PROCESS SERVER

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS) | | TELEPHONE | FOR COURT USE ONLY |
|---|---|---|---|
| SAMPSON & ASSOCIATES<br>2139 First Avenue<br>San Diego, CA 92101 | | (619) 557-9420 | |
| ATTORNEY FOR (NAME)              SBN # | | REFERENCE NUMBER<br>PR152916-01 | |

Insert name of court, judicial district or branch court, if any, and post office and street address
NA,

SHORT NAME OF CASE
USA vs. FAMILY PRACTICE

| PROOF OF SERVICE | DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br>91-1325-K(POR) |
|---|---|---|---|---|

I am and was on the dates herein mentioned over the age of eighteen years and not a party to this action;

I served the:
; NOTICE OF LIEN

Name of Person Served: STEPHEN SEGRETO

Delivered to: DAVE JOHNSON/RECEPTIONIST
Title: PERSON AUTHORIZED TO ACCEPT SERVICE OF PROCESS

Date of Delivery: 01/13/99
Time of Delivery: 03:52 pm

Address where left: 880 FRONT STREET, RM 6293
SAN DIEGO, CA 92101                    **(Business)**

Physical Description:

| AGE: | *64* | HAIR: | *GREY* | HEIGHT: | *6'0"* | RACE: | *CAUC* |
|---|---|---|---|---|---|---|---|
| SEX: | *MALE* | EYES: | *BLUE* | WEIGHT: | *175* | | |

Manner of Service:
Delivery to Law Office: Service was made by delivery to the Attorney's office; or by leaving the document(s) with his clerk therein; or with a person having charge thereof; or if there was no such person in the office, by leaving them between the hours of nine in the morning and five in the afternoon, in a conspicuous place in the office. If the person is not represented by counsel, service may be made at the residence, or if he or she is not home, the documents may be left with a person at least eighteen (18) between the hours of 8 am and 6 pm. If at the time of attempted service between those hours a person of suitable age cannot be found at the party's residence, the Notice or papers may be left in a conspicuous place. (CCP 1011(1))

Fee for service:    $ 43.00

JUDICIAL COUNSEL FORM, RULE #982 (A)(23)

Registered: . . . . SAN DIEGO . . . . County,
Number: . . . . . . . . 585 . . . . . . . .

JUNES ATTORNEY SERVICE, INC.
2330 First Avenue Suite 100
San Diego, CA 92101
PHONE: (619) 233-6119
P08/PR152916-01

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed
on: . . . . . . . . January 15, 1999 . . . . . . . .
at: . . . . . . . . . SAN DIEGO . . . . . California.

Signature: _____
Name: EDWARD F. STALLMAN
Title: CALIFORNIA REGISTERED PROCESS SERVER







**CASEY, GERRY, REED & SCHENK, LLP**

22213

12/10/98    Payee:Clerk of The Superior Court
    Check #      22213 for the amount of $          23.00
    For:01 ex parte for Proulx                     Req#      3509        By: ns
        23.00 1 P        *for reorder order*
                         *approved 12/4/98*

BW DELUXE BUSINESS FORMS  1-800-328-0304

CASEY, GERRY, REED & SCHENK, LL

22486

01/11/99    Payee:Clerk of The Superior Court
    Check #        22486 for the amount of $          23.00
    For:01 ex parte for Proulx                    Req#      3874      By: ns
          23.00 1 P

DELUXE BUSINESS FORMS  1-800-328-0304

**CHECK REQUEST**    Today's Date: _1-11-99_

PAYABLE TO: _Clerk of Superior Court_

ADDRESS: _330 W. Broadway_

PHONE NO.: _____

TAX I.D.#: _____

CLIENT CASE NAME: _Proulx_

PURPOSE: _Ex Parte motion_

AMOUNT OF: _23 —_          APPROVED BY:_____

DATE/TIME NEEDED: _1-11-99    2:00 p.m._

REQUESTED BY: _Amy_

RETURN TO: _Amy_

Check #_____      Check Date _____      Initial_____

ASEY, GERRY, REED & SCHENK, LLP

22487

1/11/99    Payee:Clerk of The Superior Court
   Check #       22487 for the amount of $        23.00
For:01 Motion fee for Proulx                      Req#      3875      By: ns
      23.00 1 P

DELUXE BUSINESS FORMS   1·800·328·0304

**CHECK REQUEST**    Today's Date: 1-11-99

PAYABLE TO: Clerk of Superior Court

ADDRESS: 330  W. Broadway

PHONE NO.:

TAX I.D.#:

CLIENT CASE NAME: Proulx        # 19385

PURPOSE: Motion Fee

AMOUNT OF: $23 —          APPROVED BY:

DATE/TIME NEEDED: 1/12/99  2:00 pm.

REQUESTED BY: Nancy

RETURN TO: Nancy

Check #_____ / Check Date _____ Initial_____



BRYAN D. SAMPSON
ATTORNEY AT LAW
2121 FIRST AVENUE
San Diego, CA 92101
(619) 702-0300

7718

GROSSMONT BANK
HILLCREST OFFICE
San Diego, CA 92103
90-63/1222

12/17/98

PAY TO THE
ORDER OF    Clerk of the Court                                    $**23.00

Twenty-Three and 00/100*************************************************** DOLLARS

MEMO
Proulx/v. Burns

⑆007718⑆ ⑆122232409⑆ 080241110⑆              ⑈000000 2300⑈



FOR DEPOSIT ONLY
San Diego Superior Court
Bank of America
Account #14507-03508
01 09 01/22/99 13:07
REF#711064    9977
02 074 O.S.C.
CHECK                23.00